**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

AMELIA YEHOSHUA,

                                        Plaintiff,          21-cv-4055

                    -against-                               **Complaint and Jury**
                                                           **Demand**

MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, THE NEW YORK CITY
TRANSIT AUTHORITY, and WESLII KHAHAIFA,

                                        Defendants.

-------------------------------------------------------------------X

        Plaintiff, Amelia Yehoshua ("Plaintiff"), by her attorney, Corey Stark PLLC,

complains of Defendants and respectfully alleges to the Court as follows:

## NATURE OF THE ACTION

        1.      This is an action to recover damages for retaliation and discrimination and

harassment on the basis of religion in the terms, conditions, and privileges of

employment under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.

Section 2000e *et seq.* ("Title VII"), the New York Executive Law Section 290 *et seq.* (the

"NYSHRL"), and the Administrative Code of the City of New York Section 8-107 *et seq.*

(the "NYCHRL").

## JURISDICTION

        2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. Section

1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

## VENUE

3.      Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. Section 1391, because the Eastern District of New York is the judicial district in the state in which many of the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4.      Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5.      On July 8, 2021, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter") which permitted Plaintiff to file a civil action within ninety days of her receipt thereof.

6.      Plaintiff commenced this action within ninety days of her receipt of the Right-to-sue Letter.

7.      Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8.      At all relevant times herein Plaintiff was, and still is, a resident of the State of New York.

9.      Plaintiff is Jewish.

10.      At all times material herein Plaintiff was an "employee" entitled to protection within the meaning of Title VII, the NYSHRL, and the NYCHRL.

11.     Defendant Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") is a subsidiary of the New York City Transit Authority ("Transit") and provides public bus transportation in the New York City boroughs of Manhattan and the Bronx.

12.     At all relevant times herein MABSTOA employed over twenty (20) full-time employees and is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

13.     Defendant Transit is a public benefit corporation chartered to do business in the State of New York, with its principal place of business at 130 Livingston Street, Brooklyn, New York.

14.     At all relevant times herein Transit has employed over twenty (20) full-time employees and is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

15.     At all relevant times herein Defendant Weslii Khahaifa ("Khahaifa") was Executive Agency Counsel and Borough Litigation Chief in the New York County Trial Unit.

16.     Khahaifa actually participated in, and aided and abetted, the conduct giving rise to the retaliation, discrimination, and harassment claims set forth herein.

17.     Upon information and belief, Khahaifa is a resident of the City and State of New York.

18.     This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND OF PLAINTIFF'S EMPLOYMENT

19.     Plaintiff earned a Bachelor of Arts degree in Political Science in 1992 from Hunter College.

20.     Plaintiff earned a *Juris Doctor* in 1996 from Touro College Jacob D. Fuchsberg Law Center.

21.     Plaintiff is an experienced litigator who has tried numerous cases to verdict.

22.     Plaintiff commenced her employment by MABSTOA and Transit in April 2013 as a trial attorney assigned to the New York County Trial Unit (the "New York Trial Unit").

23.     Plaintiff consistently met MABSTOA's and Transit's objectively reasonable performance expectations.

24.     As an attorney in the New York Trial Unit, Plaintiff compiled an excellent trial record, trying more cases to verdict than any of her co-workers.

25.     Khahaifa was Plaintiff's immediate supervisor during the majority the time Plaintiff was assigned to the New York Trial Unit.

26.     Plaintiff requested a transfer to the Kings County Trial Unit (the "Kings Trial Unit"), which transfer became effective in January 2020.

27.     Upon Plaintiff's transfer to the Kings Trial Unit, Lisa Hodes-Urbont. the Executive Agency Counsel and Borough Litigation Chief, became Plaintiff's immediate supervisor.

## HOSTILE WORK ENVIRONMENT, DISCRIMINATION, & RETALIATION

28.     During Plaintiff's employment by MABSTOA and Transit, Defendants created, promoted, and maintained a pervasively hostile work environment and atmosphere.

29.     Defendants engaged in a systematic policy or practice of discrimination.

30.     Plaintiff is an Orthodox Jew.

31.     Plaintiff was treated with hostility and less favorably than similarly situated employees who were not Orthodox Jews.  As an example, although MABSTOA and Transit do not have set hours for attorneys, Khahaifa once marked Plaintiff late for work after her train had been delayed, and she was unable to work late because she was observing the Sabbath.

32.     In January 2016 Plaintiff made a complaint of religious discrimination (the "First Discrimination Complaint") to Lawrence Heisler, who was the Head of Torts, and he determined that Khahaifa had indeed discriminated against Plaintiff because of her religion.

33.     Yet neither MABSTOA nor Transit disciplined Khahaifa for her illegal religious discrimination but instead merely admonished her not to discriminate against Plaintiff in the future.

34.     Undeterred, while in February 2016 Khahaifa acknowledged the First Discrimination Complaint, she criticized the admonishment she received to not discriminate against Plaintiff.

35.     After the First Discrimination Complaint, the discrimination and harassment Plaintiff was subjected to by Khahaifa only intensified.  Numerous acts of

disparate treatment and harassment included Khahaifa overloading Plaintiff with new additional work assignments on Fridays so as to interfere with her observance of the Sabbath, stripping Plaintiff of her trial assistant, insisting that Plaintiff use her paid-time-off allotment on Jewish holidays even when Plaintiff was working, and assigning a disproportionate number of cases to Plaintiff.

36.     Thereafter Plaintiff made numerous additional complaints of religious discrimination (the "Additional Discrimination Complaints") to Lawrence Heisler.

37.     In response to the Additional Discrimination Complaints Mr. Heisler merely forced Khahaifa to reassign Plaintiff's trial assistant and distribute some of her cases to co-workers.

38.     Even though this was not the first confirmed complaint of discrimination, neither MABSTOA nor Transit investigated or addressed Khahaifa's conduct; this failure to take any remedial action whatsoever only emboldened Khahaifa, who continued to harass Plaintiff without mercy.

39.     Finally, unable to tolerate Khahaifa's campaign of harassment any longer, and hoping to obtain a measure of relief, Plaintiff requested and obtained a transfer to the Kings Trial Unit, which became effective in January 2020.

40.     The transfer was not an effective solution, however, because Khahaifa would not let Plaintiff get out from under her thumb.  She persisted in treating Plaintiff as though she were still her supervisor, even though Khahaifa had no jurisdiction in Kings County and Plaintiff had transferred precisely to escape Khahaifa's harassment.

41.     Based upon an accusation that Plaintiff had received free legal services from an outside attorney who performed work for Transit, the Office of the Inspector

General received a referral for investigation.  The allegation against Plaintiff was flawed, as no gift was involved since Plaintiff had engaged the outside attorney on a contingency basis.  Because the subtlety of the contingency relationship was misunderstood, the Inspector General did recommend some discipline, but he did not recommend termination.  Yet even though Khahaifa was no longer Plaintiff's supervisor, on June 12, 2020 -- six months after Plaintiff had transferred out of New York County -- Khahaifa pounced on this opportunity to retaliate against her for complaining about Khahaifa's acts of discrimination, sending Plaintiff a Notice of Penalty Determination for her dismissal. Ultimately, the dismissal was reversed, and Plaintiff received a short suspension instead.

42.     Upon information and belief, Khahaifa -- still undeterred -- manufactured a story about certain New York County judges making unverified complaints about Plaintiff, a story lacking credibility since the complaints necessarily pre-existed the June 2020 Notice of Penalty Determination yet were not included in it.

43.     Mr. Heisler had determined that Khahaifa had indeed discriminated against Plaintiff, and Plaintiff had been forced to seek and obtain a transfer out of Khahaifa's office to escape her relentless campaign of harassment; yet it was Plaintiff, not Khahaifa, whom MABSTOA and Transit suspended indefinitely.

44.     This indefinite suspension by itself constituted disparate treatment of Plaintiff.  Her comparators, when they were similarly disciplined, were informed in writing of their suspension, the specific reasons for it, and how long it was expected to last.  They received notice of their rights and obligations during the suspension period and were regularly updated about their suspension, the reasons for it, and how long it was likely to last.

45.     Yet at the time of her suspension none of these accommodations were accorded Plaintiff, who has received no updates or information about her suspension. Upon information and belief, Defendants have terminated her employment without notice or cause.

46.     Khahaifa's most recent complaint about Plaintiff was a pretext for discrimination and retaliation, which were the actual motivations behind the decision to terminate Plaintiff's employment.

## AS AND FOR A FIRST COUNT

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

48.     MABSTOA and Transit unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her religion.  By reason thereof, MABSTOA and Transit violated Title VII.

49.     By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment.  By reason thereof, MABSTOA and Transit violated Title VII.

50.     As a direct and proximate result of MABSTOA and Transit's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of MABSTOA and

Transit's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

51.     As a direct and proximate result of MABSTOA and Transit's discriminatory practices, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A SECOND COUNT

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

53.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her religion, in violation of the NYSHRL.

54.     By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment.   By reason thereof, Defendants violated the NYSHRL.

55.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

56.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A THIRD COUNT

57.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

58.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her religion, in violation of the NYCHRL.

59.     By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment.  By reason thereof, Defendants violated the NYCHRL.

60.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

61.     As a direct and proximate result of Defendants' unlawful and discriminatory practices, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A FOURTH COUNT

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

63.     MABSTOA and Transit retaliated against Plaintiff in violation of Title VII.

64.     As a direct and proximate result of MABSTOA and Transit's retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of MABSTOA and Transit's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

65.     As a direct and proximate result of the unlawful and discriminatory practices of MABSTOA and Transit, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A FIFTH COUNT

66.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

67.     Defendants retaliated against Plaintiff in violation of the NYSHRL.

68.     As a direct and proximate result of Defendants' retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

69.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A SIXTH COUNT

70.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "46" inclusive with the same force and effect as if fully set forth at length herein.

71.     Defendants retaliated against Plaintiff in violation of the NYCHRL.

72.     As a direct and proximate result of Defendants' retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

73.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages the amount of which is to be determined by a jury.


WHEREFORE, Plaintiff demands the following relief:

a)      a money judgment against Defendants for her damages including, but not limited to, lost wages, lost benefits, lost pension, other economic damages, shame, humiliation, embarrassment, and mental distress;

b)      reinstatement or, in the alternative, front pay;

c)      an award of attorneys' fees;

d)      punitive damages against Defendants;

e)      prejudgment interest and costs;

f)      a declaration that the acts and practices complained of herein violated Title VII, the NYSHRL, and the NYCHRL; and

g)      such further and additional relief as the Court deems just and appropriate

under the circumstances.

COREY STARK PLLC

_____/s/_____

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       July 19, 2021

                    COREY STARK PLLC


                    ____/s/_____
                    By: Corey Stark (CS-3897)
                    *Attorneys for Plaintiff*
                    110 East 59th Street, 22nd Floor
                    New York, New York 10022
                    (212) 324-3705