UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X:

AMELIA YEHOSHUA,                                    :
                                                    :
                        Plaintiff,                  :    Index No. 21-cv-4055
                                                    :
        -against-                                   :    **DEFENDANTS' ANSWER AND**
                                                    :    **AFFIRMATIVE AND OTHER**
MANHATTAN AND BRONX SURFACE                         :    **DEFENSES TO PLAINTIFF'S**
TRANSIT OPERATING AUTHORITY; THE                    :    **AMENDED COMPLAINT**
NEW YORK CITY TRANSIT AUTHORITY;                    :
and WESLII KHAHAIFA,                                :
                                                    :
                        Defendants.                 :
                                                    :
-------------------------------------------------------- X

        Defendants Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"),

New York City Transit Authority ("NYCTA") (MaBSTOA and NYCTA collectively, "Agency

Defendants") and Weslii Khahaifa ("Khahaifa") (collectively, "Defendants") by and through

their attorneys, Seyfarth Shaw LLP, and in answer to Amelia Yehoshua's ("Plaintiff")

Complaint, state as follows:

### AS TO "NATURE OF THE ACTION"

**COMPLAINT ¶1:**

        This is an action to recover damages for retaliation and discrimination and harassment on
the basis of religion in the terms, conditions, and privileges of employment under Title VII of the
Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the New
York Executive Law Section 290 et seq. (the "NYSHRL"), and the Administrative Code of the
City of New York Section 8-107 et seq. (the "NYCHRL").

**ANSWER:**

        Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit

that Plaintiff purports to bring claims and recover damages for retaliation, discrimination and

harassment as stated therein.

<u>**AS TO "JURISDICTION"**</u>

<u>**COMPLAINT ¶2:**</u>

The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

<u>**ANSWER:**</u>

Paragraph 2 of the Complaint purports to state a legal conclusion to which no response is required, and which is deemed to be denied. To the extent a response is required, the allegations are denied, except Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

<u>**AS TO "VENUE"**</u>

<u>**COMPLAINT ¶3:**</u>

Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. Section 1391, because the Eastern District of New York is the judicial district in the state in which many of the unlawful employment practices are alleged to have been committed.

<u>**ANSWER:**</u>

Paragraph 3 of the Complaint purports to state a legal conclusion to which no response is required, and which is deemed to be denied.  To the extent a response is required, the allegations are denied, except Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court as stated therein and that venue is proper before this Court.

<u>**AS TO "PREREQUISITES"**</u>

<u>**COMPLAINT ¶4:**</u>

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

2

**ANSWER:**

Defendants admit the allegations contained in Paragraph 4 of the Complaint, except deny

knowledge or information sufficient to form a belief as to whether the Charge was accepted for

filing and investigation.

**COMPLAINT ¶5:**

On July 8, 2021, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter") which
permitted Plaintiff to file a civil action within ninety days of her receipt thereof.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Plaintiff commenced this action on July 19, 2021, which is within ninety days of her
receipt of the Right-to-sue Letter.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff

commenced this action on July 19, 2021.

**COMPLAINT ¶7:**

Before filing the complaint in this action, Plaintiff caused a copy of the same to be served
upon the Corporation Counsel of the City of New York.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 7 of the Complaint.

**AS TO "PARTIES"**

**COMPLAINT ¶8:**

At all relevant times herein Plaintiff was, and still is, a resident of the State of New York.

78468736v.3

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant herein" contained in Paragraph 8 of the Complaint, except admit that, based upon Plaintiff's representations during her employment, she was a resident of the State of New York during her employment with NYCTA.

**COMPLAINT ¶9:**

Plaintiff is Jewish.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, except admit that, based upon Plaintiff's representations during her employment, she is Jewish.

**COMPLAINT ¶10:**

At all times material herein Plaintiff was an "employee" entitled to protection within the meaning of Title VII, the NYSHRL, and the NYCHRL.

**ANSWER:**

Paragraph 10 of the Complaint purports to state a legal conclusion to which no response is required, and which is deemed to be denied.  To the extent a response is required, the allegations are denied, except Defendants admit that Plaintiff was an employee of MABSTOA, and Defendants deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material herein."

**COMPLAINT ¶11:**

Defendant Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") is a subsidiary of the New York City Transit Authority ("Transit") and provides public bus transportation in the New York City boroughs of Manhattan and the Bronx.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 11 of the Complaint.

78468736v.3

**COMPLAINT ¶12:**

At all relevant times herein MABSTOA employed over twenty (20) full-time employees and is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

**ANSWER:**

Paragraph 12 of the Complaint purports to state a legal conclusion to which no response is required, and which is deemed to be denied. To the extent a response is required, the allegations are denied, except Defendants admit that MABSTOA employed over 20 full-time employees but deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant herein."

**COMPLAINT ¶13:**

Defendant Transit is a public benefit corporation chartered to do business in the State of New York, with its principal place of business at 130 Livingston Street, Brooklyn, New York.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 13 of the Complaint, but admit that Defendant NYCTA is a public benefit corporation, and aver that Defendant NYCTA was organized and exists under New York State Public Authorities Law, Article 5, Title 9, §1200 *et seq.* to provide, inter alia, public transportation in the City of New York, and that Defendant NYCTA's headquarters is located at 130 Livingston Street, Brooklyn, New York..

**COMPLAINT ¶14:**

At all relevant times herein Transit has employed over twenty (20) full-time employees and is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

**ANSWER:**

Paragraph 14 of the Complaint purports to state a legal conclusion to which no response is required, and which is deemed to be denied. To the extent a response is required, the allegations are denied, except Defendants admit that NYCTA employed over 20 full-time employees, but

Defendants deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant herein."

**COMPLAINT ¶15:**

At all relevant times herein Defendant Weslii Khahaifa ("Khahaifa") was Executive Agency Counsel and Borough Litigation Chief in the New York County Trial Unit.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all relevant times herein," but admit that Khahaifa worked in the New York County Trial Unit during a period of time relevant to the allegations in the Complaint.

**COMPLAINT ¶16:**

Khahaifa actually participated in, and aided and abetted, the conduct giving rise to the retaliation, discrimination, and harassment claims set forth herein.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Upon information and belief, Khahaifa is a resident of the City and State of New York.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 18 of the Complaint.

6

## AS TO "BACKGROUND OF PLAINTIFF'S EMPLOYMENT"

**COMPLAINT ¶19:**

Plaintiff earned a Bachelor of Arts degree in Political Science in 1992 from Hunter College.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, except admit that, based upon Plaintiff's representations during her employment, she earned a Bachelor of Arts degree in Political Science in 1992 from Hunter College.

**COMPLAINT ¶20:**

Plaintiff earned a Juris Doctor in 1996 from Touro College Jacob D. Fuchsberg Law Center.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, except admit that, based upon Plaintiff's representations during her employment, she earned a Juris Doctor in 1996 from Touro College Jacob D. Fuchsberg Law Center.

**COMPLAINT ¶21:**

Plaintiff is an experienced litigator who has tried numerous cases to verdict.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, except admit that Plaintiff worked for MABSTOA as a litigator and tried cases to verdict while employed by MABSTOA.

**COMPLAINT ¶22:**

Plaintiff commenced her employment by MABSTOA and Transit in April 2013 as a trial attorney assigned to the New York County Trial Unit (the "New York Trial Unit").

78468736v.3

**ANSWER:**

Defendants admit the allegations contained in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Plaintiff consistently met MABSTOA's and Transit's objectively reasonable performance expectations.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

As an attorney in the New York Trial Unit, Plaintiff compiled an excellent trial record, trying more cases to verdict than any of her co-workers.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Khahaifa was Plaintiff's immediate supervisor during the majority the time Plaintiff was assigned to the New York Trial Unit.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Plaintiff requested a transfer to the Kings County Trial Unit (the "Kings Trial Unit"), which transfer became effective in January 2020.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint with respect to what Plaintiff may have "requested," except admit that Plaintiff was transferred to the Kings County Trial Unit in or around January 2020.

78468736v.3

**COMPLAINT ¶27:**

Upon Plaintiff's transfer to the Kings Trial Unit, Lisa Hodes-Urbont the Executive Agency Counsel and Borough Litigation Chief, became Plaintiff's immediate supervisor.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 27 of the Complaint.

## AS TO "HOSTILE WORK ENVIRONMENT, DISCRIMINATION, & RETALIATION"

**COMPLAINT ¶28:**

During Plaintiff's employment by MABSTOA and Transit, Defendants created, promoted, and maintained a pervasively hostile work environment and atmosphere.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendants engaged in a systematic policy or practice of discrimination.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Plaintiff is an Orthodox Jew.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, except admit that, based upon Plaintiff's representations during her employment, she is an Orthodox Jew.

**COMPLAINT ¶31:**

Plaintiff was treated with hostility and less favorably than similarly situated employees who were not Orthodox Jews. As an example, although MABSTOA and Transit do not have set hours for attorneys, Khahaifa once marked Plaintiff late for work after her train had been delayed, and she was unable to work late because she was observing the Sabbath.

78468736v.3

**ANSWER:**

Defendants deny the allegations contained in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

In January 2016 Plaintiff made a complaint of religious discrimination (the "First Discrimination Complaint") to Lawrence Heisler, who was the Head of Torts, and he determined that Khahaifa had indeed discriminated against Plaintiff because of her religion.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Yet neither MABSTOA nor Transit disciplined Khahaifa for her illegal religious discrimination but instead merely admonished her not to discriminate against Plaintiff in the future.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Undeterred, while in February 2016 Khahaifa acknowledged the First Discrimination Complaint, she criticized the admonishment she received to not discriminate against Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

After the First Discrimination Complaint, the discrimination and harassment Plaintiff was subjected to by Khahaifa only intensified. Numerous acts of disparate treatment and harassment included Khahaifa overloading Plaintiff with new additional work assignments on Fridays so as to interfere with her observance of the Sabbath, stripping Plaintiff of her trial assistant, insisting that Plaintiff use her paid-time-off allotment on Jewish holidays even when Plaintiff was working, and assigning a disproportionate number of cases to Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Thereafter Plaintiff made numerous additional complaints of religious discrimination (the "Additional Discrimination Complaints") to Lawrence Heisler.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

In response to the Additional Discrimination Complaints Mr. Heisler merely forced Khahaifa to reassign Plaintiff's trial assistant and distribute some of her cases to co-workers.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Even though this was not the first confirmed complaint of discrimination, neither MABSTOA nor Transit investigated or addressed Khahaifa's conduct; this failure to take any remedial action whatsoever only emboldened Khahaifa, who continued to harass Plaintiff without mercy.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Finally, unable to tolerate Khahaifa's campaign of harassment any longer, and hoping to obtain a measure of relief, Plaintiff requested and obtained a transfer to the Kings Trial Unit, which became effective in January 2020.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 39 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff requested a transfer to the Kings Trial Unit, and admit that Plaintiff was transferred to the Kings Trial Unit in or around January 2020.

78468736v.3

**COMPLAINT ¶40:**

The transfer was not an effective solution, however, because Khahaifa would not let Plaintiff get out from under her thumb. She persisted in treating Plaintiff as though she were still her supervisor, even though Khahaifa had no jurisdiction in Kings County and Plaintiff had transferred precisely to escape Khahaifa's harassment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Based upon an accusation that Plaintiff had received free legal services from an outside attorney who performed work for Transit, the Office of the Inspector General received a referral for investigation. The allegation against Plaintiff was flawed, as no gift was involved since Plaintiff had engaged the outside attorney on a contingency basis. Because the subtlety of the contingency relationship was misunderstood, the Inspector General did recommend some discipline, but he did not recommend termination. Yet even though Khahaifa was no longer Plaintiff's supervisor, on June 12, 2020 -- six months after Plaintiff had transferred out of New York County -- Khahaifa pounced on this opportunity to retaliate against her for complaining about Khahaifa's acts of discrimination, sending Plaintiff a Notice of Penalty Determination for her dismissal. Ultimately, the dismissal was reversed, and Plaintiff received a short suspension instead.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 41 of the Complaint, and respectfully direct the Court to the documents referenced therein for the truth of their contents. Further, Defendants admit that the Office of Inspector General investigated Plaintiff for possible misconduct and recommended she should be disciplined, though it did not specify the exact form of discipline, admit that Plaintiff transferred out of the New York County Trial Unit in or around January 2020, admit that Khahaifa was not Plaintiff's supervisor on June 12, 2020, and admit that Plaintiff was ultimately not terminated in relation to the document Khahaifa issued Plaintiff on or around June 12, 2020, but aver that Khahaifa issued Plaintiff a "Notice of Disciplinary Charges" -- not a "Notice of Penalty Determination" -- on or around June 12, 2020.

78468736v.3

**COMPLAINT ¶42:**

Upon information and belief, Khahaifa -- still undeterred -- manufactured a story about certain New York County judges making unverified complaints about Plaintiff, a story lacking credibility since the complaints necessarily pre-existed the June 2020 Notice of Penalty Determination yet were not included in it.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Mr. Heisler had determined that Khahaifa had indeed discriminated against Plaintiff, and Plaintiff had been forced to seek and obtain a transfer out of Khahaifa's office to escape her relentless campaign of harassment; yet it was Plaintiff, not Khahaifa, whom MABSTOA and Transit suspended indefinitely.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

This indefinite suspension by itself constituted disparate treatment of Plaintiff. Her comparators, when they were similarly disciplined, were informed in writing of their suspension, the specific reasons for it, and how long it was expected to last. They received notice of their rights and obligations during the suspension period and were regularly updated about their suspension, the reasons for it, and how long it was likely to last.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

In contrast, none of these accommodations were accorded [sic] Plaintiff, who had received no updates or information about her suspension.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

On July 19, 2021, Plaintiff commenced this lawsuit.

78468736v.3

**ANSWER:**

Defendants admit the allegations contained in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

On October 14, 2021, Defendants terminated Plaintiff's employment without notice or cause and, upon information and belief, without having first conducted any investigation into the specious claims against Plaintiff or her complaints of discrimination and retaliation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 47 of the Complaint, except admit

that Plaintiff's employment was terminated, and aver that Plaintiff was notified on October 14,

2021 that her employment would be terminated.

**COMPLAINT ¶48:**

Khahaifa's most recent complaint about Plaintiff was a pretext for discrimination and retaliation, which were the actual motivations behind the decision to terminate Plaintiff's employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## AS TO "AS AND FOR A FIRST COUNT"

**COMPLAINT ¶49:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through

48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶50:**

MABSTOA and Transit unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her religion. By reason thereof, MABSTOA and Transit violated Title VII.

78468736v.3

**ANSWER:**

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment. By reason thereof, MABSTOA and Transit violated Title VII.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

As a direct and proximate result of MABSTOA and Transit's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of MABSTOA and Transit's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

As a direct and proximate result of MABSTOA and Transit's discriminatory practices, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

## AS TO "AS AND FOR A SECOND COUNT"

**COMPLAINT ¶54:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through

48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶55:**

By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her religion, in violation of the NYSHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment. By reason thereof, Defendants violated the NYSHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

## AS TO "AS AND FOR A THIRD COUNT"

**COMPLAINT ¶59:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶60:**

By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her religion, in violation of the NYCHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

By virtue of the acts complained of herein, the hostile work environment at MABSTOA and Transit was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment. By reason thereof, Defendants violated the NYCHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a direct and proximate result of Defendants' unlawful and discriminatory practices, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

78468736v.3

## AS TO "AS AND FOR A FOURTH COUNT"

**COMPLAINT ¶64:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶65:**

MABSTOA and Transit retaliated against Plaintiff in violation of Title VII.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

As a direct and proximate result of MABSTOA and Transit's retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of MABSTOA and Transit's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

As a direct and proximate result of the unlawful and discriminatory practices of MABSTOA and Transit, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 67 of the Complaint.

## AS TO "AS AND FOR A FIFTH COUNT"

**COMPLAINT ¶68:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶69:**

Defendants retaliated against Plaintiff in violation of the NYSHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

As a direct and proximate result of Defendants' retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

## AS TO "AS AND FOR A SIXTH COUNT"

**COMPLAINT ¶72:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "48" inclusive with the same force and effect as if fully set forth at length herein.

**ANSWER:**

Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶73:**

Defendants retaliated against Plaintiff in violation of the NYCHRL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

**COMPLAINT ¶74:**

As a direct and proximate result of Defendants' retaliatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

**COMPLAINT ¶75:**

As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages the amount of which is to be determined by a jury.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 75 of the Complaint.

## AS TO PLAINTIFF'S "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause or to any other relief, whatsoever, sought in the Complaint.

78468736v.3

## AS TO PLAINTIFF'S "JURY DEMAND"

Defendants object to a trial by jury on any issue as to which a jury is not permitted as of right as a matter of law.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they otherwise do not have as a matter of law, Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All employment actions taken against Plaintiff were lawful, non-discriminatory and non-retaliatory and taken for legitimate non-discriminatory and non-retaliatory business reasons.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

## FOURTH DEFENSE

To the extent Plaintiff asserts a claim for hostile work environment, the alleged harassing conduct does not rise above the level of what a reasonable victim of discrimination with the same protected characteristic would consider petty slights or trivial inconveniences.

## FIFTH DEFENSE

Even if some impermissible motive were a factor in any employment decision concerning Plaintiff (and Defendants expressly deny such claims), the same decision would have been reached for legitimate business reasons.

## SIXTH DEFENSE

To the extent Plaintiff alleges that any of the Defendants or their employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that

21

individual's employment, was not authorized or condoned by the Defendants, and was undertaken without the Defendants' knowledge or consent. Thus, the Defendants are not liable for any such conduct, if it occurred.

## SEVENTH DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies or failed to comply with any procedural prerequisites before bringing her claims in this Court, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because she failed to mitigate her alleged damages.

## NINTH DEFENSE

NYCTA is not governed by the New York City Administrative Code per PAL §§ 1221 and 1226.

## TENTH DEFENSE

Defendants acted in good faith toward Plaintiff at all times relevant herein, without any intent to unlawfully discriminate or retaliate against her.

## ELEVENTH DEFENSE

Plaintiff's claims for discrimination, harassment, and retaliation are barred and/or any recovery of damages is precluded because Defendants did not know, nor should Defendants have known, of the alleged discriminatory and/or harassing and/or retaliatory conduct, Defendants did not acquiesce to the alleged discriminatory and/or harassing and/or retaliatory conduct and/or Defendants did not fail to take immediate and appropriate corrective active action or fail to exercise reasonable diligence to prevent such conduct.

## TWELFTH DEFENSE

Plaintiff's claims for discrimination, harassment, and retaliation are barred and/or any recovery of damages is precluded because Defendants neither engaged in the purported discrimination, harassment, or retaliation, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination, harassment, or retaliation.

## THIRTEENTH DEFENSE

NYCTA has and had well-established policies against discrimination, harassment, retaliation, and other unlawful conduct, and reasonable and available procedures for handling complaints thereof, which provide for prompt and effective responsive action.  To the extent Plaintiff failed to utilize or otherwise avail herself of these policies and procedures, her claims are barred and/or her recovery of damages is precluded.

## FOURTEENTH DEFENSE

No act or omission on the part of Defendants caused, proximately caused, or contributed to any of the alleged injuries or damages claimed by Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's claims for compensatory and/or attorney's fees are barred or limited, in whole or in part, by the United States Constitution, the New York State Constitution and/or other governing statues and legal precedent.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because such damages are not available against NYCTA, as it is a public benefit corporation.

78468736v.3

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendants' alleged or actual conduct does not rise to the level necessary to sustain a punitive damages award or instruction under applicable law.

## EIGHTEENTH DEFENSE

Subject to proof of discovery, all or part of Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence, laches, waiver, release, estoppel and/or unclean hands.

## NINETEENTH DEFENSE

Defendants have established, implemented, and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with Section 8-107(13)(d) of Title 8 of the New York City Administrative Code.

## TWENTIETH DEFENSE

All relevant factors should be considered in accordance with Section 8-107(13)(e) and (f) and Section 8-126(b) of the New York City Administrative Code.

## TWENTY-FIRST DEFENSE

Defendant Khahaifa is not an "employer" under the New York Executive Law and the New York City Human Rights Law.

## TWENTY-SECOND DEFENSE

Defendant Khahaifa cannot be held liable in her individual capacity under the New York City Administrative Code either as a primary actor or on the basis of an "aiding and abetting" or any other theory of liability.

## TWENTY-THIRD DEFENSE

78468736v.3

To the extent applicable, Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered (although Defendants specifically deny any such damages), and further Plaintiff's claims are barred, in whole or in part, to the extent that she failed to exercise reasonable diligence to avoid harm.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to the relief requested in the Complaint or any relief whatsoever and demands judgment dismissing the Complaint with prejudice, together with costs, disbursements and reasonable attorneys' fees.

Dated:   New York, New York        SEYFARTH SHAW LLP
        January 10 2022

By:   */s/ Daniel I. Small*
     Gena Usenheimer
     gusenheimer@seyfarth.com
     Daniel I. Small
     dsmall@seyfarth.com
     620 Eighth Avenue
     New York, New York  10018
     Telephone:  (212) 218-5500
     Facsimile:  (212) 218-5526

     Attorneys for Defendant
     THE NEW YORK CITY TRANSIT AUTHORITY

78468736v.3

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the foregoing DEFENDANTS'

ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT with the

Clerk of the Court using the CM/ECF system which sent notification to all counsel of record

including:

>Corey Stark
>COREY STARK PLLC
>110 East 59th Street
>22nd Floor
>New York, New York  10022

>*/s/ Daniel I. Small*
>Daniel I. Small

78468736v.3