NITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMELIA YEHOSHUA

                        Plaintiff,                  Case No. 1:21-cv-04055 (FB) (SJB)

  -against-

MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, THE NEW YORK CITY
TRANSIT AUTHORITY, and WESLII KHAHAIFA,

                        Defendants.

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO RULE 56.1 OF THE LOCAL RULES OF THE U.S. DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK**

SEYFARTH SHAW LLP
Gena Usenheimer
Daniel Small
gusenheimer@seyfarth.com
dsmall@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Defendants Manhattan and Bronx Surface Transit Operating Authority, New York City Transit Authority (collectively, "NYCTA") and Weslii Khahaifa ("Khahaifa" and collectively, "Defendants"), respectfully submit this Statement of Undisputed Material Facts ("SUF").[1]

## I. RELEVANT BACKGROUND FACTS[2]

1. In April 2013, NYCTA hired Yehoshua as a trial attorney in the NYCTA Law Department, Division of Torts ("Torts"). Pl's Dep. Tr. 128:23-129:22; Khahaifa Dep. Tr. 21:11-21; Usen. Dec. Ex. K.

2. Torts was responsible for defending NYCTA in personal injury and property damage cases. Khahaifa Dec. ¶ 5.

3. Torts was divided into units that were organized, primarily, by borough. Khahaifa Dec. ¶ 6.

4. Certain units, such as New York and Kings County Units, were further divided into pre-trial and trial units. Khahaifa Dec. ¶ 6.

5. Yehoshua was assigned to the New York County Trial Unit (the "Unit"), responsible for handling tort litigations in New York State Supreme Court, New York County ("NY Co."). Khahaifa Dep. Tr. 21:11-21; Khahaifa Dec. ¶¶ 7-8.

6. Yehoshua self-identifies as Jewish and is a Sabbath observer. Pl's Dep. Tr. 83:7-9, 178:19-20, 179:11-15; Heisler Dep. Tr. 25:20-26:7; Khahaifa Dep. Tr. 39:15-19.

---

[1] The undisputed facts set forth herein are followed by citations to the record. Copies of all deposition testimony, and exhibits cited herein are annexed to the accompanying Declaration of Gena Usenheimer dated July 15, 2024 ("Usen. Dec."); Declaration of Weslii Khahaifa, dated July 15, 2024 ("Khahaifa Dec"); Declaration of David Farber, dated July 12, 2024 ("Farber Dec."); Declaration of Lisa Hodes-Urbont, dated July 10, 2024 ("Urbont Dec."), AND Declaration of Adrian Thompson, dated July 11, 2024 ("Thompson Dec."). The exhibits to these declarations are referred to as "Ex. __". The following deposition transcripts are annexed to Usen. Dec.: Plaintiff's deposition transcript ("Pl's Dep. Tr."); Weslii Khahaifa deposition transcript ("Khahaifa Dep. Tr."); Lawrence Heisler deposition transcript ("Heisler Dep. Tr."); Lisa Hodes-Urbont deposition transcript ("Urbont Dep. Tr.").

[2] Unless otherwise noted, all facts herein relate to the relevant time period of 2016 to 2021.

2

7. Yehoshua testified that her Sabbath observance required her to leave work before the end of regular working hours on Friday afternoons. Pl's Dep. Tr. 217:2-11.

8. In or around January 2015, Khahaifa was promoted to Borough Chief, NY Co. Trial Unit. Khahaifa Dep. Tr. 31:17-32:6, 34:10-35:12; Khahaifa Dec. ¶ 2.

9. In 2020, Yehoshua transferred from the New York County Trial Unit to the Kings County Trial Unit. Khahaifa Dep. Tr. 40:20-41:10, 97:4-25; Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Pl's Dep. Tr. 248:13-17; Usen. Dec. Ex. CC.

10. Lisa Hodes-Urbont (Jewish) was Borough Chief of the Kings County Trial Unit. Pl's Dep. Tr. 153:2-8; Hodes-Urbont Dec. ¶ 2; Hodes-Urbont Dep. Tr. 22:20-23.

11. Lawrence Heisler (Jewish) was the Head of Torts. Pl's Dep. Tr. 134:16-20; Heisler Dep. Tr. 18:12-22; Heisler Dep. Tr. 113:15-19.

12. Since early 2019, David Farber has held the title of Acting General Counsel or General Counsel of NYCTA. Farber Dec. ¶ 1.

13. Farber self-identifies as Jewish. *Id*. at ¶ 3.

## II. JANUARY 2016 TIMEKEEPING DISPUTE

14. NYCTA attorneys were required to work a minimum number of hours per day. Khahaifa Dep. Tr. 53:17-55:3, 56:9-56:22; Pl's Dep. Tr. 177:4-13.

15. On Friday, January 15, 2016, Yehoshua arrived 45-minutes late to work. Khahaifa Dep. Tr. 52:7-53:16; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 73:2-15.

16. Because of the Sabbath, Yehoshua did not work late to make up the time. *Id.*

17. On Friday, January 29, 2016, Yehoshua asked Khahaifa to excuse her lateness due to the train delay, *i.e.,* allow Yehoshua to be paid for time she did not work. *Id.*

18. Yehoshua presented a report showing a subway train delay on January 15. *Id.*

3

19. Khahaifa had not received such a request before. *Id.;* Pl's Dep. Tr. 192:22-194:8.

20. Khahaifa conferred with Gail Goode, Head of Trials in Torts, other Borough Chiefs and timekeeping professionals. Khahaifa Dep. Tr. 52:7-53:16, 55:16-22; Khahaifa Dec. Ex. A; Pl's Dep. Tr. 192:22-195:23.

21. Khahaifa was advised, uniformly, that a train incident report did not excuse a late arrival. Khahaifa Dep. Tr. 52:7-53:16; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 187:8-188:10, 192:22-195:23.

22. On February 2, 2016, Khahaifa advised Yehoshua that she could not excuse the 45-minute deficiency. Khahaifa Dep. Tr. 52:7-53:16; Pl's Dep. Tr. 73:2-73:15; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L.

23. Khahaifa suggested Yehoshua ask Heisler who may have authority to excuse the time. Pl's Dep. Tr. 73:2-15, 191:19-23; Khahaifa Dep. Tr. 57:8-20; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L.

24. Heisler authorized Yehoshua to be paid for the 45-minutes that she did not work. Khahaifa Dep. Tr. 52:13-53:16, 71:3-9; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 191:24-192:16.

### III. TRIAL ASSISTANT CHANGE

25. Adrian Thompson primarily assisted Yehoshua as a trial assistant. Khahaifa Dep. Tr. 41:12-25; Pl's Dep. Tr. 226:7-13; Thompson Dec. ¶ 5.

26. Khahaifa believed that Yehoshua was not as involved in the nuances of her cases as she could be, because she was relying too heavily on Thompson. Khahaifa Dep. Tr. 44:2-45:12; Pl's Dep. Tr. 226:14-234:13; Thompson Dec. ¶ 14.

4

27. Khahaifa believed that Yehoshua's heavy reliance on Thompson was hindering her professional development. Khahaifa Dep. Tr. 44:2-45:12; Thompson Dec. ¶¶ 12-14.

28. To further Yehoshua's professional development, Khahaifa changed trial assistant assignments throughout the Unit. Khahaifa Dep. Tr. 44:2-45:12, 47:10-21, 185:18-186:6; Thompson Dec. ¶¶ 12-14; Yehoshua Tr. 231:15-232:2; Khahaifa Dec. ¶ 14.

29. Yehoshua complained about the change to Goode and Heisler. Pl's Dep. Tr. 226:14-234:6; Khahaifa Dep. Tr. 47:22-51:17; Heisler Dep. Tr. 45:18-46:6.

30. At Goode's direction, Khahaifa restored Thompson as Yehoshua's trial assistant. Khahaifa Dep. Tr. 47:22-51:6; Pl's Dep. Tr. 234:14-235:12.

31. The change did not last longer than a few weeks, during which time Yehoshua did not have a trial. Khahaifa Dep. Tr. 43:22-25; Pl's Dep. Tr. 228:8-12, 234:25-235:12; Thompson Dec. ¶ 12; Khahaifa Dec. ¶¶ 14-15.

### IV.  KHAHAIFA'S EVEN ASSIGNMENT OF CASES

32. Between 2016 and 2020, some combination of the following trial attorneys reported to Khahaifa: Yehoshua, John Jerman, Alexandra Vandoros, and Jennifer Coyne. Khahaifa Dep. Tr. 36:24-37:4, 38:16-40:23.

33. The breakdown of case assignments amongst attorneys in the Unit between 2016 and 2020 was as follows:

|      | Yehoshua | Jerman | Vandoros | Coyne[3] |
|------|----------|--------|----------|----------|
| 2016 | 14       | 5      | 4        | 9        |
| 2017 | 9        | 9      | 2        | 11       |
| 2018 | 6        | 9      | 1        | 0        |
| 2019 | 8        | 11     | 6        | N/A      |
| 2020 | 0        | 14     | 7        | N/A      |

---

[3] Jennifer Coyne left the Unit in mid-2018, and therefore she is indicated as "N/A" in the years which follow. *Id.* at ¶ 19.

5

Pl's Dep. Tr. 34:18-36:9; Heisler Dep. Tr. 51:4-20, 52:18-53:19; Khahaifa Dep. Tr. 76:22-78:19, 103:10-25; Khahaifa Dec. ¶¶ 16-19, Ex. D.

34. Khahaifa did not have a specific date or time when she assigned new matters to attorneys in the Unit. Khahaifa Dep. Tr. 89:25-90:14; Khahaifa Dec. ¶ 22.

35. Rather, new case assignments were made and distributed based on business needs and Khahaifa's own availability. *Id.*

36. This practice sometimes resulted in assignment of new matters on Fridays. Khahaifa Dep. Tr. 89:25-90:14; Khahaifa Dec. ¶¶ 23-24.

37. Khahaifa never required Yehoshua to respond to email correspondence about new matters, or to complete any work, on Friday afternoons or over the Jewish Sabbath. Khahaifa Dep. Tr. 90:15-91:22; Khahaifa Dec. ¶¶ 24-25.

V. JUDGES ███████, FRANK AND FREED COMPLAIN ABOUT YEHOSHUA

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

6

[REDACTED]

43. On November 7, 2019, Khahaifa elevated Judge [REDACTED] concerns to Goode and Heisler. Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr. 146:21-147:6, 157:25-158:14; Heisler Dep. Tr. 56:8-60:6.

44. Heisler downplayed the severity of these complaints. Khahaifa Dep. Tr. 146:21-147:22, 175:18-22; Heisler Dep. Tr. 60:11-61:4, 98:6-99:16; Khahaifa Dec. Ex. E.



47. Judge [REDACTED] brought Khahaifa to Justice Lyle Frank. Usen. Dec. Ex. H ¶ 4; Pl's Dep. Tr. 281:25-282:18; Khahaifa Dep. Tr. 162:4-164:23; Khahaifa Dec. Exs. D and E.

48. Judge Frank presided over a July 2019 trial with Yehoshua. Usen. Dec. Ex. H ¶ 3; Pl's Dep. Tr. 282:5-18.

49. Judge Frank relayed his exasperation with Yehoshua during the trial, describing her conduct as unbecoming of an attorney. Usen. Dec. Ex. H ¶¶ 5-6; Pl's Dep. Tr. 281:25-282:18; Khahaifa Dep. Tr. 164:4-16; Khahaifa Dec. Exs. D and E.

7

50. Judge Frank advised that Yehoshua was "overly adversarial, disrespectful and disruptive," that Yehoshua badgered a witness during cross-examination and that she demonstrated a lack of understanding of the law. *Id.*

51. Judge Frank did not want to preside over another trial with Yehoshua. *Id.*

52. Judge ▮▮▮ walked Khahaifa to Justice Kathryn E. Freed's courtroom. Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Khahaifa Dep. Tr. 163:11-164:3.

53. At the request of Judge Freed's court attorney, Khahaifa met with Judge Freed the next day, on December 4, 2019. Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr. 163:15-164:3, 168:6-169:4.

54. Judge Freed presided over a 2017 trial with Yehoshua. Usen. Dec. Ex. E, at Ex. A.

55. Judge Freed relayed her general disdain for Yehoshua's unprofessional conduct throughout the trial. Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶¶ 6-24; Khahaifa Dep. Tr. 168:6-169:4; Khahaifa Dec. Exs. D and E.

56. Judge Freed complained that Yehoshua was repeatedly late, dishonest, disrespectful and unprofessional. Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶¶ 6-24; Khahaifa Dep. Tr. 168:6-169:4.

57. Judge Freed found Yehoshua's conduct to fall outside the bounds of normal courtroom behavior, and concluded that in all her years on the bench, Yehoshua's conduct negatively stood apart. Khahaifa Dep. Tr. 168:9-169:4; Pl's Dep. Tr. 283:16-284:4; *see also* Usen. Dec. Ex. E, ¶¶ 6-24, 23 (describing Yehoshua as "a judge's worst nightmare.")

58. Judge Freed informed Khahaifa that Yehoshua was not welcome in her courtroom. Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶ 24.

59. Following her experience with Yehoshua, Judge Freed no longer accepted new NYCTA cases, and those she had, were slowly reassigned to other judges. Usen. Dec. Ex. E ¶¶ 28-29; Pl's Dep. Tr. 285:3-292:25; Khahaifa Dec. Exs. D and E.

60. On December 4, 2019, Khahaifa reported the concerns of Judges Frank and Freed to Heisler and Goode. Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr. 169:23-170:10; Heisler Dep. Tr. 61:5-64:12.

61. On January 9, 2020, Khahaifa followed up with Heisler and Goode, stating, "[i]t has been 2 months since this issue arose and I would like some clarity on what action, if any, will be taken," explaining that Khahaifa was "trying to plan [her] calendar and case assignments and would appreciate if this could be addressed as soon as possible." Khahaifa Dec. Ex. E.

62. On January 9, 2020, Heisler advised that he would transfer Yehoshua to the Kings County Trial Unit. Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr at 40:20-41:10, 104:13-109:7, 174:20-178:15; Heisler Tr. 72:14-73:2.

63. Heisler testified that Yehoshua, due to generalized workplace complaints, had previously requested to be transferred out of Khahaifa's Unit. Heisler Dep. Tr. 39:9-43:13.

64. Until this litigation, Khahaifa was not aware of Yehoshua's request to change units. Khahaifa Dep. Tr. 98:2-99:15.

VI. **JUDGES ADAMS, SILVERA, AND KAPLAN COMPLAIN ABOUT YEHOSHUA**

65. On January 23, 2020, Judge Adams (who took over the NYCTA pre-trial part in early 2020) advised Khahaifa that she would recuse herself from any cases in which Yehoshua appeared. Khahaifa Dep. Tr. 171:12-174:19; Khahaifa Dec. Exs. D and E; Usen. Dec. Ex. G ¶¶ 2-3; Pl's Dep. Tr. 295:11-17; Usen. Dec. Ex. Y.

9

66. On January 23, 2020, Judge Silvera advised Khahaifa that he did not want Yehoshua in his courtroom. Khahaifa Dec. Exs. D and E; Usen. Dec. Ex. I ¶ 2; Pl's Dep. Tr. 295:18-24; Khahaifa Dep. Tr. 179:6-180:2.

67. Justices ███, Freed, and Frank relayed complaints about Yehoshua to the then Administrative Law Judge, Justice Deborah A. Kaplan. Usen Dec. Exs. E ¶¶ 25-27, F ¶ 13, H ¶ 7; Khahaifa Dep. Tr. 104:21-105:10.

68. At the time, Justice Kaplan oversaw the NYCTA trial part. Khahaifa Dec. ¶ 12.

69. On January 30, 2020, Judge Kaplan met with Khahaifa and Sherri Ehrlich (Jewish), Borough Chief for the NY Co. pre-trial unit. Khahaifa Dec. Exs. D and E at 003283-3308; NYCTA 0004758-4773); Khahaifa Dep. Tr. 180:3-181:6; Farber Dec. Ex. A; Khahaifa Dec. ¶¶ 29-30.

70. Judge Kaplan explained that, due to complaints from judges, she had to step in for the assigning clerk to find a judge willing to preside over trials handled by Yehoshua. Khahaifa Dep. Tr. 104:21-107:3, 180:3-181:6; Pl's Dep. Tr. 297:25-298:10; Khahaifa Dec. Exs. D, E and F.

71. Judge Kaplan advised that the Court would not tolerate Yehoshua. *Id.*

**VII.   HEISLER TRANSFERS YEHOSHUA TO THE KINGS COUNTY TRIAL UNIT**

72. Yehoshua was transferred to the Kings County Trial Unit effective March 2020. Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Khahaifa Dep. Tr. 40:20-25, 97:8-21; Heisler Dep. Tr. 77:4-8; Khahaifa Dec. Ex. E; Usen. Dec. Ex. BB and Ex. CC; Hodes-Urbont Dec. ¶ 4.

73. Yehoshua was required to complete outstanding assignments for Khahaifa, even after she transferred to the Kings County Unit. Hodes-Urbont Dep. Tr. 42:24-44:8; Khahaifa Dep. Tr. 97:8-15, 108:16-109:7; Hodes-Urbont Dec. ¶¶ 4-5.

10

74. After March 2020, Khahaifa did not assign Yehoshua any new cases or any new work assignments. Khahaifa Dep. Tr. 139:22-142:13; Hodes-Urbont Dep. Tr. 42:24-44:19; Usen. Dec. Ex. M; Khahaifa Dec. ¶ 18; Khahaifa Dec. Ex. G.

75. In June 2020, Khahaifa maintained timekeeping approval for Yehoshua due to an administrative error. Khahaifa Dep. Tr at 94:15-25; Hodes-Urbont Dep. Tr. 44:20-46:8; Farber Dec. ¶¶ 35-36.

76. On June 10, 2020, Khahaifa asked Yehoshua whether she took off from work on May 29, 2020. Usen. Dec. Ex. N; Khahaifa Dep. Tr. 95:7-97:3; Pl's Dep. Tr. 237:12-238:16.

77. Yehoshua responded that May 29 was the holiday of Shavuot, but she worked from home. and, thereafter Khahaifa approved the time. *Id.*

**VIII.   OIG INVESTIGATION AND JANUARY 23, 2020 REPORT**

78. In January 2020, the MTA's Office of Inspector General ("OIG") completed an investigation into Yehoshua. Usen. Dec. Ex. P.

79. The investigation was triggered by a complaint that Yehoshua engaged a NYCTA vendor (i.e., an outside counsel) to represent her in a personal litigation without compensation. *Id.*

80. When interviewed by OIG, Yehoshua confirmed that she engaged in the challenged conduct. Pl's Dep. Tr. 52:14-60:3; Usen. Dec. Exs. Q, O.

81. During its investigation, the OIG also spoke with Khahaifa. Khahaifa Dep. Tr. 120:10-122:19; Pl's Dep. Tr. 51:18-25, 60:23-62:19.

82. When asked, Khahaifa confirmed the scope of Yehoshua's authority to engage outside counsel. Khahaifa Dep. Tr. 120:10-122:19, 130:17-132:11; Pl's Dep. Tr. 51:18-25, 60:23-62:19; Usen. Dec. Ex. P.

11

83. In a report dated January 23, 2020, the OIG determined that Yehoshua violated the All-Agency Code of Ethics, New York State Public Officers Law, and MTA All-Agency Computer and Social Media Usage Policy Directive. Usen. Dec. Ex. P.

84. NYCTA maintains a zero-tolerance stance with respect to ethical violations as even the appearance of impropriety is prohibited by applicable law. Farber Dec. ¶ 8.

85. The January 23 OIG report is the only OIG report Farber received during his tenure at NYCTA substantiating allegations of unethical conduct by an attorney. Farber Dec. ¶ 10; Pl's Dep. Tr. 66:25-67:10.

86. Farber determined that termination of Yehoshua's employment was appropriate. Farber Dec. ¶ 11; Pl's Dep. Tr. 62:20-66:24; Heisler Dep. Tr. 11:3-12:24, 84:11-85:6.

87. Farber advised Heisler, and Khahaifa, separately, of the OIG's findings and his decision as to the appropriate discipline. Farber Dec. ¶¶ 11-15; Heisler Dep. Tr. 11:3-12:24, 84:11-85:6; Khahaifa Dep. Tr. 118:8-18, 119:18-120:9.

88. Because Khahaifa was Yehoshua's manager at the time of the conduct which formed the basis of the OIG's report, Farber directed Khahaifa to sign and deliver a disciplinary action notice ("DAN") to Yehoshua. Khahaifa Dep. Tr. 118:8-120:20, 125:3-20, 130:9-13; Farber Dec. ¶¶ 14-16; Pl's Dep. Tr. 63:7-66:24.

89. Khahaifa delivered the DAN to Yehoshua on June 12, 2020. Usen. Dec. Ex. U.

90. Khahaifa played no role in Farber's determination of the appropriate discipline to impose on Yehoshua. Khahaifa Dep. Tr. 125:3-128:13, 129:23-130:13, 133:11-20, 134:20-135:9, 136:9-13; Farber Dec. ¶ 17; Pl's Dep. Tr. 63:7-66:24.

91. On February 3, 2021, Farber reduced the discipline to a 20-day unpaid suspension. Farber Dec. ¶ 20; Usen. Dec. Ex. V.

## IX.  FARBER LEARNS OF JUDICIAL COMPLAINTS IN FEBRUARY 2021

92. On December 30, 2020, Yehoshua filed a complaint with the New York State Division of Human Rights.  Usen. Dec. Ex. R.

93. As a result of NYCTA's investigation into Yehoshua's complaint, Farber learned of the above-detailed concerns raised by Justices ▇▇▇, Frank, Freed, Adams, Silvera and Kaplan. Farber Dec. ¶¶ 21-22; Khahaifa Dep. Tr. 142:23-144:22, 145:12-146:15; *see* SUF, ¶¶ 38-61, 65-71.

94. Farber asked Khahaifa to prepare a memorandum summarizing these complaints and the surrounding circumstances.  Farber Dec. ¶ 23; Khahaifa Dep. Tr. 142:23-146:15, 145:12-146:15.

95. Khahaifa provided the memorandum to Farber on February 27, 2021.  Khahaifa Dec. Ex. E; Khahaifa Dep. Tr. 145:12-146:9; Farber Dec. ¶ 24.

96. Based on the nature of the complaints levied against Yehoshua by New York State Supreme Court judges, and based on what was a pattern of escalating dishonest and unethical conduct, Farber determined that Yehoshua's employment should be terminated.  Farber Dec. ¶ 25; Khahaifa Dep. Tr. 181:20-184:15; Pl's Dep. Tr. 302:16-22.

97. Farber was not aware of any attorney other than Yehoshua who, during his tenure at NYCTA, received complaints from multiple judges about his or her lack of candor, dishonesty and unprofessional conduct.  Farber Dec. ¶ 26; *see also* Urbont-Hodes Dep. Tr. 38:2-15; Khahaifa Dep. Tr. 148:24-149:9.

98. On March 29, 2021, Farber issued Yehoshua a DAN, recommending her termination. Khahaifa Dep. Tr. 181:20-184:15; Usen. Dec. Ex. S; Pl's Dep. Tr. 267:16-268:5, 302:16-22; Farber Dec. ¶ 28.

99. Yehoshua, through an attorney, appealed the proposed penalty of dismissal.  Farber Dec. ¶ 29.

100. In July 2021, Farber directed Mariel Thompson (Jewish) – a NYCTA attorney – to further investigate the specifications underlying the DAN. Farber Dec. ¶¶ 30-31.

101. Thompson's investigation substantiated the specifications in the DAN. Farber Dec. Ex. A; Farber Dec. ¶ 32.

102. Farber sustained the recommended penalty of dismissal. Farber Dec. Ex. B; Farber Dec. ¶ 33.

## X. ADDITIONAL MATERIAL FACTS

103. In August 2017, Khahaifa recommended that Yehoshua be promoted and receive a raise. Heisler Dep. Tr. 21:19-24:17; Usen. Dec. Ex. X.

104. Khahaifa occasionally met colleagues for drinks after work, including on Friday evenings. Khahaifa Dec. ¶¶ 26-28; Khahaifa Dep. Tr. 186:21-187:11; Urbont-Hodes Dep. Tr. 23:24-26:4.

105. Khahaifa grew up in a home that followed the Jewish laws of Kashrut and in which she ate matzah. Khahaifa Dec. ¶ 31; Pl's Dep. Tr. 214:10-15.

106. Yehoshua filed an EEOC Charge on May 25, 2021. Usen. Dec. Ex. T.

107. Yehoshua never heard anyone at NYCTA, including Khahaifa, make any disparaging comments, jokes, or slurs about Jews or Orthodox Jews. Pl's Tr. 215:12-216:3.

108. Khahaifa required attorneys in the Unit to notify her prior to covering a court appearance for another lawyer. Yehoshua Dep. Tr. 43:10-44:24; Khahaifa Dep. Tr. 99:21-100:21; Thompson Dec. ¶ 7.

Dated: New York, New York
July 15, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Gena Usenheimer*
Gena Usenheimer
gusenheimer@seyfarth.com
Daniel Small
dsmall@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

*Attorneys for Defendants*