# Exhibit F

**To:** Ehrlich, Sherri[Sherri.Ehrlich@nyct.com]
**From:** Khahaifa, Weslii
**Sent:** 2020-01-30T18:55:14Z
**Importance:** Normal
**Received:** 2020-01-30T18:55:25Z
2490_001.pdf

See attached decision that Judge Kaplan was referring to.

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NYCTA_004758

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
MARIA GARCIA,

                              Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY
AND NEW YORK CITY TRANSIT AUTHORITY,

                              Defendants.
----------------------------------------X

INDEX # 157482/2012

NOTICE OF ENTRY

## NOTICE OF ENTRY

PLEASE TAKE NOTICE that annexed is a true copy of an order duly entered in the office of the clerk of the within named Court on November 28, 2018.

Dated:    New York, New York
           November 29, 2018

                                    Yours, etc.,

                                    ARTHUR BLYAKHER
                                    THE EDELSTEINS, FAEGENBURG & BROWN, LLP.
                                    Attorneys for Plaintiff
                                    26 Broadway, Suite 901
                                    New York, New York 10004
                                    (212) 425-1999

TO:    LAWRENCE HEISLER
        Attorneys for Defendants
        New York City Transit Authority
        and Metropolitan Transportation Authority
        130 Livingston Street
        Brooklyn, New York 11201

CONFIDENTIAL                           NYCTA_004759

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. KATHRYN E. FREED          PART    IAS MOTION 2
                    Justice
-----------------------------------------X
MARIA GARCIA,                            INDEX NO.    157482/2012

                Plaintiff,
                                         MOTION SEQ. NO.    002
        - v -

METROPOLITAN TRANSPORTATION AUTHORITY AND NEW
YORK CITY TRANSIT AUTHORITY,             DECISION AND ORDER

                Defendants.
-----------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57
were read on this motion to/for         SET ASIDE VERDICT      .

Upon the foregoing documents, it is ordered that the motion and cross motion are decided as follows.

This action arises from an incident in which plaintiff Maria Garcia was allegedly injured when she slipped and fell on stairs inside the subway station located at 168th Street and Broadway in New York County (the station), which was allegedly operated by defendants Metropolitan Transportation Authority (MTA) and New York City Transit Authority (NYCTA) (collectively defendants). As a result of the accident, plaintiff sustained injuries to her hand and teeth. A trial was held in this matter from December 4 – 15, 2017, after which a jury awarded plaintiff $110,000 for past pain and suffering, $90,000 for future pain and suffering, and $20,000 for future dental expenses. The jury apportioned liability as follows: 51% to defendants and 49% to plaintiff.

Defendants now move, pursuant to CPLR 4404(a), to set aside the verdict and for a new trial on the grounds that 1) plaintiff failed to establish a prima facie case of liability; 2) the verdict

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION    Page 1 of 12
Motion No. 002

1 of 12

2 of 15

CONFIDENTIAL                                          NYCTA_004760

Case 1:21-cv-04055-FB-RML   Document 62-9   Filed 03/11/25   Page 5 of 17 PageID #: 1718

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM
INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/29/2018

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM
INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/28/2018

NYSCEF DOC. NO. 60

was against the weight of the evidence; 3) this Court improperly precluded defense witness Ecliff Aladdin from referring to his records during his trial testimony; 4) this Court improperly issued a negative inference instruction to the jury against defendants regarding Aladdin's records; 5) this Court improperly allowed the records of plaintiff's treating dentist, Dr. Moshe Aaron Glick, to be admitted into evidence despite the fact that the records were not provided to defense counsel in accordance with 22 NYCRR 202.17(b)(1); 6) this Court improperly instructed the jury that they were permitted to award plaintiff future dental expenses despite the fact that such damages were not pleaded; 7) this Court improperly issued a missing witness charge regarding MTA witness William Kava; and 8) for such other and further relief as this Court deems just and proper.

Plaintiff cross-moves 1) to deny defendants' motion; 2) pursuant to CPLR 4401, granting plaintiff a directed verdict on liability and awarding her $40,000 in future medical expenses; 3) alternatively, setting aside the verdict apportioning liability to plaintiff as against the weight of the evidence; 4) pursuant to CPLR 4404, increasing the amount of damages awarded for future medical expenses to $40,000; and 5) for such other and further relief as this Court deems just and proper.

## DEFENDANTS' MOTION

### Prima Facie Case/Weight of the Evidence

CPLR 4404(a) provides that "the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial ... where the verdict is contrary to the weight of the evidence [or] in the interests of justice." The standard for setting aside the verdict and entering judgment for the moving party as a matter of law is whether "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men [and women] to the conclusion reached by the jury on the basis of the evidence presented at trial. The criteria to be applied in making this assessment are essentially those required of a trial judge

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002
Page 2 of 12

2 of 12

3 of 15

CONFIDENTIAL
NYCTA_004761

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM
INDEX NO. 157482/2012
FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM
INDEX NO. 157482/2012
NYSCEF DOC. NO. 60
RECEIVED NYSCEF: 11/29/2018
RECEIVED NYSCEF: 11/28/2018

asked to direct a verdict." *Cohen v. Hallmark Cards*, 45 NY2d 493, 499, 382 N.E.2d 1145, 410 N.Y.S.2d 282 (1978). However, "in any case in which it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon, and thus, a valid question of fact exists, the court may not conclude that the verdict is as a matter of law not supported by the evidence." Id (citation omitted). Moreover, "[i]n considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant." *See Szczerbiak v. Pilat*, 90 NY2d 553, 556 (1997).

The standard used in determining a motion to a set aside a verdict as against the weight of the evidence is whether the evidence so preponderated in favor of the moving party, that the verdict "could not have been reached on any fair interpretation of the evidence." *Lolik v. Big V Supermarkets, Inc.*, 86 NY2d 744, 746 (1995), quoting *Moffatt v. Moffatt*, 86 AD2d 864 (2d Dept 1982), affd 62 NY2d 875 (1985). This "does not involve a question of law, but rather a discretionary balancing of factors." *Cohen v. Hallmark Cards*, 45 NY2d at 499.

*Robaey v Air & Liquid Sys. Corp.*, 2018 NY Slip Op 32582[U], *2-3 (Sup Ct, NY County 2018).

At trial, plaintiff testified that she fell on wet slippery stairs at the station on a rainy day. Tr. 158, 335-339.[1] On the day of the accident, she wore flat shoes. Tr. 333. She had been to the station many times before and, on the date of the incident, it was in the same condition as on days when she had seen the station being cleaned. Tr. 156-158. She further stated that there were puddles in the station that day. Tr. 349. Although plaintiff saw an MTA employee present, she did not know whether he was cleaning. Tr. 349. Nor did she recall whether she was holding a handrail at the time she fell. Tr. 436. Additionally, Ecliff Aladdin, defendants' cleaning supervisor, testified that, when the station was cleaned, it was power washed, which process caused the platforms and stairways to be wet. Tr. 633-634.

---

[1] The abbreviation "Tr" refers to specific pages of the trial transcript.

157482/2012  GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002

Page 3 of 12

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM            INDEX NO. 157482/2012
FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM            INDEX NO. 157482/2012
NYSCEF DOC. NO. 60                                          RECEIVED NYSCEF: 11/29/2018
                                                            RECEIVED NYSCEF: 11/28/2018

Given the foregoing testimony, this Court cannot conclude that plaintiff failed to establish a prima facie case of negligence as against defendants. This Court also declines to set aside the verdict as against the weight of the evidence since the evidence did not preponderate so greatly in favor of defendants that the verdict could not have been reached based on a fair interpretation of the evidence. Although defendants contend that the station was wet due to rain, the jury could have concluded that the accident arose from their failure to maintain the station in a safe condition.

### Preclusion of Aladdin From Referring to His Records

In January of 2013, during the course of discovery, plaintiff served a demand on defendants for documents in their possession relating to the maintenance and cleaning of the station. Tr. 2, 20. By letter dated August 6, 2013, defendants produced several documents "prepared in the ordinary course of business pertaining to the alleged accident." Although defendants did produce some records during discovery, including a cleaning report for the day of the accident, they did not provide time logs, control sheets, maintenance records or cleaning schedules. Tr. 3-4. However, during discovery, defense counsel failed to provide any records relating to power washing of the station, insisting that plaintiff only demanded cleaning records and did not specifically ask for power washing reports. It was not until the eve of trial, November 30, 2017, that defense counsel provided the foregoing records, including cleaning schedules for the station which showed when it was "power washed". Tr. 3-4. Defense counsel conceded that the records produced at the time of trial had not previously been provided (Tr. 5.), despite the fact that these documents had been demanded during discovery and were sought by subpoenas served by plaintiff on defendants in November of 2016 and August 2017.[2]

---

[2] Although defense counsel disingenuously asserted at trial that she, personally, never received the 2016 subpoena, it is evident from the date stamped on the subpoena, November 2, 2016, that it had been received by her office. Tr.

157482/2012  GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION           Page 4 of 12
Motion No. 002

CONFIDENTIAL                                                            NYCTA_004763

Case 1:21-cv-04055-FB-RML   Document 62-9   Filed 03/11/25   Page 8 of 17 PageID #:

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM
NYSCEF DOC. NO. 61

INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/29/2018

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM
NYSCEF DOC. NO. 60

INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/28/2018

Disturbingly, when the records were finally provided to plaintiff's attorney and this Court, they still failed to include any records addressing whether the station was power washed on the day of the incident. Defense counsel did, provide records relating to power washing during the days leading up to the date of the accident, just omitting the actual day of the accident, which obviously, would have been the relevant record regarding liability in this matter. Tr. 21-22. Thus, defense counsel's representation to this Court that she had provided plaintiff's attorney with *all* of the aforementioned records was false. Tr. 21-22, 26-27. This Court was also appalled by the fact that defense counsel initially handed the said records to this Court and, when this Court inquired whether plaintiff's attorney had already been provided with a copy of the same, counsel misrepresented to this Court that the records had previously been provided to plaintiff's counsel. Tr. 10-11, 15, 19-21. When asked about the records by this Court, however, plaintiff's counsel vehemently denied having ever received the complete package of documents that was provided to this Court. Tr. 19. Upon inspection of plaintiff's documents, it was clear that plaintiff's counsel had not received the same set of documents that defense counsel provided to the Court. Tr. 20-22. Although defense counsel initially represented to this Court that defendants' failure to produce the records arose from a misunderstanding, she later said that the records were not provided to plaintiff's attorney because they were the subject of her motion to quash plaintiff's 2017 subpoena which the said documents. Tr. 8, 15.

Additionally, the attorneys for the parties disagreed about whether defendants were ordered to provide the said records during settlement discussions with Justice McMahon. Given the disagreement, this Court inquired whether Justice McMahon's law clerk had instructed defendant

---

48-49. The August 2017 subpoenas also bear stamps confirming receipt of the same by defense counsel's office. Although defense counsel moved to quash 2017 subpoenas served for defendants' records as well as for the deposition of defendants' employee, assistant train dispatcher William Kava, the motion was denied. Tr. 32, 74.

5 of 12
157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 003
Page 5 of 12

6 of 15

CONFIDENTIAL
NYCTA_004764

to turn these records over to plaintiff. Justice McMahon's law clerk confirmed that defendants' attorney was indeed instructed to provide plaintiff with the records. Thus, it is evident that defendants' attorney made every effort to withhold these relevant records from plaintiff's counsel until the eve of trial. The Court again notes that the most relevant document for the day of the incident, was never provided to either plaintiff or the Court.

Defendants sought to have Aladdin, whom they claim was most familiar with the records, testify about them at trial. Tr. 7-77. However, this Court precluded the introduction of the newly exchanged records into evidence, and prohibited Aladdin from testifying about them, "since they were not produced in a timely fashion", defense counsel conceded that they had been kept in the ordinary course of business, and plaintiff would be prejudiced if defendants had the opportunity to introduce them. Tr. 79-80.

Defendants now assert, without citing any legal authority, that this Court erred in precluding the records and Aladdin's testimony about them. However, CPLR 3126 provides a court with broad discretion to impose a wide range of penalties upon a party who "willfully fails to disclose information which the court finds ought to have been disclosed." Given that defendant did not disclose any maintenance or cleaning records in response to plaintiff's discovery demand, or in response to plaintiff's 2016 and 2017 subpoenas, but rather waited until the eve of trial to disclose this information, this Court properly acted within its discretion in precluding the records, as well as any testimony by Aladdin regarding the same, since defendants should not be rewarded for their dilatory conduct. *See Matter of State v John S.*, 23 NY3d 326, 344 (2014) (trial courts are "generally accorded broad discretion in making evidentiary rulings, which are entitled to deference on appeal absent an abuse of discretion"); *see also Matter of Gary F.*, 143 AD3d 495 (1st Dept 2016).

157482/2012  GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION    Page 6 of 12
Motion No. 002

6 of 12

7 of 15

CONFIDENTIAL                                                        NYCTA_004765

Case 1:21-cv-04055-FB-RML   Document 62-9   Filed 03/11/25   Page 10 of 17 PageID

FILED: NEW YORK COUNTY CLERK 11/29/2023 11:06 AM   INDEX NO. 157482/2012
FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM   INDEX NO. 157482/2012
NYSCEF DOC. NO. 60                                  RECEIVED NYSCEF: 11/28/2018

### Negative Inference Charge Regarding Defendants' Records

Defendants argue that this Court erred by instructing the jury that it could draw an adverse inference against defendants regarding the condition of the mezzanine and the stairs in the station. They claim that they were prejudiced by this instruction because the cleaning schedule records would have revealed that no power washing was performed on the day of the incident. Tr. 76-77. However, as discussed above, this Court has the authority and discretion, pursuant to CPLR 3126, to impose this sanction on defendants due to their failure to provide the cleaning records (*see Schilling v Quiros*, 23 AD3d 243 [1st Dept 2005]) and again notes that defendants never provided any records regarding whether the station was power washed on the date of plaintiff's accident. Although defense counsel conceded that these records were maintained by her clients during the regular course of business, they were not provided to plaintiff's counsel until the eve of trial, despite the latter's discovery demand and service of subpoenas in November 2016 and August 2017 seeking the same. Since defendants "fail[ed] to disclose the records in a timely fashion, despite due demand, then attempted to [provide this Court] with an incomplete set of records" (Tr. 922), and failed to produce the cleaning schedules "without adequate explanation", despite a request for the same by plaintiff's counsel (Tr. 925), this Court did not abuse its discretion in imposing this sanction (*see Matter of State v John S.*, 23 NY3d at 344).

Although defendants' attorney asserted at oral argument of the instant motion that this Court "colluded" with plaintiff's counsel by allowing the latter to discuss the precluded records during summation, this unusually extreme accusation is false. In their motion papers, defendants support this argument with references to the testimony of plaintiff and Aladdin and the document they refer to is an "unusual occurrence report", which was marked as an exhibit. Tr. 567, 986-987.

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002                                                    Page 7 of 12

7 of 12

8 of 15

CONFIDENTIAL                                                      NYCTA_004766

Case 1:21-cv-04055-FB-RML    Document 62-9    Filed 03/11/25    Page 11 of 17 PageID #/1024

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM
NYSCEF DOC. NO. 61
INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/29/2018

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM
NYSCEF DOC. NO. 60
INDEX NO. 157482/2012
RECEIVED NYSCEF: 11/28/2018

### Admission of Dr. Glick's Records Into Evidence

Defendants assert that this Court erred by failing to preclude the records of Dr. Glick, plaintiff's treating dentist, because plaintiff failed to comply with 22 NYCRR 202.17(b)(1), which requires that medical reports be provided to a defendant's examining physician at least 20 days before a physical examination is to be conducted. However, as this Court noted, defendants were not prejudiced in any way by the conduct of plaintiff's counsel. *See Hughes v Webb*, 40 AD3d 1035 (2d Dept 2007); *Freeman v Kirkland*, 184 AD3d 331 (1st Dept 1992). Defendants' dental expert, Dr. Donald Tanenbaum, conducted his examination of plaintiff on December 12, 2013. Tr. 199. Although defense counsel claimed defendants "didn't know that Dr. Glick treated plaintiff at all" (Tr. 191) and denied that she received Dr. Glick's records, or an authorization releasing them, prior to that date, plaintiff's counsel produced an affidavit of service proving that, on January 17, 2013, he served defendants with a notice of medical exchange containing Dr. Glick's records, as well as an authorization for the release of the same. Tr. 201-204. Therefore, this argument is without merit.

### Award of Future Dental Expenses

Defense counsel maintains that this Court erred by allowing the jury to award plaintiff future dental expenses because such damages were not pleaded in the bill of particulars. However, as this Court noted, the bill of particulars specifically set forth the injuries claimed, including those dental in nature, alleged that all of plaintiff's injuries were permanent. Tr. 897. This Court properly exercised its discretion in instructing the jury that it was permitted to award future dental expenses

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002
Page 8 of 12

9 of 15

CONFIDENTIAL
NYCTA_004767

Case 1:21-cv-04055-FB-RML   Document 62-9   Filed 03/11/25   Page 12 of 17 PageID #: 1025

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM
INDEX NO. 157482/2012
NYSCEF DOC. NO. 60
RECEIVED NYSCEF: 11/29/2018

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM
INDEX NO. 157482/2012
NYSCEF DOC. NO. 60
RECEIVED NYSCEF: 11/28/2018

given that the need for future medical treatment was clearly alleged in a bill of particulars setting forth a laundry list of injuries, both medical and dental. Tr. 897, 901. In so ruling, this Court further noted that the trial testimony reflected that plaintiff would need future dental treatment. Tr. 894.

In support of their argument, defendants rely on the case of *Reid v Rubenstein*, 155 AD3d 448 (2nd Dept 2017), in which an expert was precluded from testifying about plaintiff's need to undergo a bone graft where such injury was not alleged in the bill of particulars. However, *Reid* is distinguishable from this case since, as noted above, plaintiff in this matter clearly alleged dental injuries and itemized the same.

### Adverse Inference Instruction Regarding Kava

Defense counsel argues that this Court erred by giving a missing witness charge regarding assistant train dispatcher William Kava, whose name appeared in defendants' incident reports and who was first on the scene after plaintiff's alleged accident. Tr. 907, 921. Defendants maintain that a missing witness charge is improper in this situation since they did not have control over Kava at the time they received the November 2016 subpoena. This, they urge, is because he retired in 2015.

As this Court noted at trial, plaintiff served defendants with a subpoena for Kava's deposition on or about November 2, 2016 and defendants failed to respond to the same. Tr. 913, 919. On or about August 29, 2017, plaintiff served an identical subpoena on defendants. Tr. 920. However, it was not until November 6, 2017 that defendants wrote to plaintiff's counsel to advise that Kava had retired in 2015. Tr. 920. That correspondence contained Kava's last-known address.

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002
Page 9 of 12

9 of 12

10 of 15

CONFIDENTIAL
NYCTA_004768

Tr. 920. Although plaintiff's counsel tried to subpoena Kava at that address, that attempt was unsuccessful and plaintiff's private investigator was unable to locate him. Tr. 920.

Given these facts, this Court ruled that it would give the jury an adverse inference charge regarding defendants' failure to provide information regarding Kava. Specifically, this Court determined that defendants' "failure to timely notify plaintiff that Kava * * * no longer worked for [defendants] and to provide [his] last-known address was prejudicial to plaintiff and has prevented plaintiff from securing [his] testimony in time for this trial." Tr. 920.

Despite the parties' references to a "missing witness" instruction which, as defense counsel asserts, would require, inter alia, that defendants had control over Kava (*see People v Savinon*, 100 NY2d 192 [2003]), it is apparent from the trial transcript that the adverse inference charge relating to Kava was not a missing witness charge but rather a discovery sanction pursuant to CPLR 3126. In granting plaintiff's request for the adverse inference instruction, this Court reasoned that, although defendants were notified by subpoena as early as 2016 that plaintiff sought to call Kava to testify at trial (Tr. 905-906, 913), defendants failed, "without adequate explanation" (Tr. 926), to provide plaintiff with any information regarding Kava's whereabouts, including the fact that he had retired in 2015, until the eve of trial. Tr. 905-906, 913, 920, 926. Therefore, this Court properly exercised its discretion in determining that defendants' delay in providing plaintiff with information regarding Kava, such as his last-known address or the fact that he had retired in 2015, "was prejudicial to plaintiff", "prevented the plaintiff from securing [Kava's testimony] in time for [the] trial", and led to "plaintiff's inability to call [him]" as a witness at trial (Tr. 920, 926). Any doubt that the adverse inference instruction was given as a discovery sanction is dispelled by the fact that this Court advised counsel that the instruction was being given based on the case of *Crooke v Bonofacio*, 147 AD3d 510 (1st Dept 2017), in which the Appellate Division, First

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION   Page 10 of 12
Motion No. 002

10 of 12

11 of 15

CONFIDENTIAL   NYCTA_004769

Case 1:21-cv-04055-FB-RML   Document 62-9   Filed 03/11/25   Page 14 of 17 PageID #: 1727

FILED: NEW YORK COUNTY CLERK 11/29/2018 11:06 AM  INDEX NO. 157482/2012
NYSCEF DOC. NO. 60  RECEIVED NYSCEF: 11/29/2018

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:32 PM  INDEX NO. 157482/2012
NYSCEF DOC. NO. 61  RECEIVED NYSCEF: 11/28/2018

Department affirmed the IAS Court's discretionary striking of a defendant's affirmative defense where that defendant intentionally failed to appear for deposition. Tr. 921.

### PLAINTIFF'S CROSS MOTION

#### Denial of Defendants' Motion

Plaintiff first asserts that it is entitled to an order denying defendants' motion to set aside the verdict. However, since defendants' motion is denied, this branch of plaintiff's cross motion is denied as moot.

#### Directed Verdict as to Liability/Setting Aside Apportionment of Liability to Plaintiff

Plaintiff argues that it is entitled to a directed verdict apportioning 100% liability to defendants. She also claims that the jury's finding that she was 49% at fault for the alleged accident must be set aside as against the weight of the evidence pursuant to CPLR 4404. However, this Court declines to disturb the jury's apportionment of fault. As noted previously, plaintiff testified that the station was wet at the time of the accident and could not state for certain whether it had been washed that day. Plaintiff also stated that it was raining on the day of the incident, she was wearing flat shoes, and that she could not recall whether she held the handrail on the stairs. Since a finder of fact could infer that plaintiff may not have exercised sufficient caution while walking in the wet station, the evidence did not preponderate so greatly in favor of plaintiff that the jury could not have apportioned liability of 49% to plaintiff based on a fair interpretation of the evidence. *See Lolik v Big V Supermarkets, Inc.*, 86 NY2d at 746.

#### Future Dental Expenses

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002

Page 11 of 12

11 of 12

12 of 15

CONFIDENTIAL

NYCTA_004770

Plaintiff argues that she is entitled to an increase of her damages for future dental expenses from $20,000 to $40,000. Dr. Glick testified that plaintiff would need at least $30,000, and probably closer to $40,000, in future dental treatment. Tr. 250. Defendants' expert, Dr. Tanenbaum, did not contradict Dr. Glick and in fact conceded that, as plaintiff's treating dentist, Dr. Glick would be in the best position to evaluate plaintiff's future dental costs. Tr. 760-763. Given Dr. Glick's uncontradicted testimony, this Court hereby increases the award for plaintiff's future dental expenses from $20,000 to $35,000.

Therefore, in light of the foregoing, it is hereby:

ORDERED that the motion by defendants Metropolitan Transportation Authority and New York City Transit Authority to set aside the verdict is denied in all respects; and it is further

ORDERED that the cross motion by plaintiff Maria M. Garcia to set aside the verdict is granted only to the extent of vacating the award of $20,000 for future dental expenses and ordering a new trial on damages for future dental expenses, unless within 30 days of service of a copy of this decision and order with notice of entry, defendants execute a stipulation agreeing to increase the award to plaintiff for future dental expenses from $20,000 to $35,000; and it is further

ORDERED that this constitutes the decision and order of this court.

11/21/2018
DATE

KATHRYN E. FREED, J.S.C.

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157482/2012 GARCIA, MARIA M. vs. METROPOLITAN TRANSPORTATION
Motion No. 002
Page 12 of 12

12 of 12

13 of 15

CONFIDENTIAL NYCTA_004771

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

ARTHUR BLYAKHER, an attorney duly admitted to practice law in the State of New York, hereby affirms the following under penalty of perjury:

That deponent is not a party to the action, is over 18 years of age and resides at Brooklyn, New York.

That on November 29, 2018 deponent served the within ORDER with NOTICE OF ENTRY, upon AMELIA DWECK, ESQ., Attorney for Defendants, at Lawrence Heisler, Esq., 130 Livingston Street, 11th Floor, Brooklyn, NY 11201, the address designated by said party for that purpose by regular mail, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

ARTHUR BLYAKHER

CONFIDENTIAL                                                      NYCTA_004772

SUPREME COURT OF THE STATE OF NEW YORK     Index No.: 157482/12
COUNTY OF NEW YORK

MARIA GARCIA,

                            Plaintiff,

   -against-

METROPOLITAN TRANSPORTATION AUTHORITY AND NEW YORK CITY TRANSIT AUTHORITY,

                            Defendants.

## NOTICE OF ENTRY

THE EDELSTEINS, FAEGENBURG & BROWN, LLP.
Attorneys for Plaintiff
26 Broadway, Suite 901
New York, New York 10004
(212) 425-1999

TO:   LAWRENCE HEISLER
        Attorneys for Defendants
        New York City Transit Authority
        and Metropolitan Transportation Authority
        130 Livingston Street
        Brooklyn, New York 11201
        TA 2012-06-29-0004-001

CONFIDENTIAL                                                                NYCTA_004773