UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMELIA YEHOSHUA,

                Plaintiff,                21-cv-04055 (FB) (SJB)

  -against-

MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, THE NEW YORK CITY
TRANSIT AUTHORITY, and WESLII KHAHAIFA,

                Defendants.

## DECLARATION OF ADRIAN THOMPSON IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Adrian Thompson, declare as follows:

1.    I am currently employed by Manhattan and Bronx Surface Transit Operating Authority (referenced herein as "NYCTA"). My title is Associate Transit Management Analyst.

2.    Since in or about 2000, my role in the Law Department has been to assist attorneys in the Torts Division ("Torts") when preparing for trial.

3.    Unless otherwise noted, all statements in this Declaration are made based on my personal knowledge.

4.    Since my hire, I have worked in the New York County Trial Unit in Torts.

5.    It is through working in this Unit that I came to know Plaintiff Amelia Yehoshua, and Weslii Khahaifa. From in or around 2015 through in or around March 2020, I was generally responsible for assisting Yehoshua as she prepared for trial.

6.    During this same time period, I reported to Khahaifa.

7.    During this time, Khahaifa required all attorneys in her Unit to notify her in advance of covering a court appearance on behalf of another attorney in the Unit.

8.    I never heard Khahaifa complain that Lawrence Heisler favored Yehoshua because Yehoshua is Jewish, or for any other reason. I also never told Yehoshua that Khahaifa made such a statement.

9.    I never heard Khahaifa speak negatively about Yehoshua. I never heard Khahaifa make any negative comment about Yehoshua's religion.

310291246v.4

10. I do not recall ever learning from Yehoshua that she believed Khahaifa was discriminating or retaliating against her for any reason.

11. Khahaifa is extremely professional. If there was any friction between Khahaifa and Yehoshua, based on my direct observations, any disagreement was due to Khahaifa encouraging Yehoshua to improve in her skill sets and to take more ownership over her cases and her job responsibilities. I observed no evidence of discriminatory or retaliatory conduct, or other form of unlawful animus.

## Change in Trial Assistant Staffing

12. I recall a time when Khahaifa instructed that I no longer support Yehoshua as a trial assistant. I was directed to support a different trial attorney in the Unit. To the best of my recollection, this change in staffing lasted approximately one to two weeks. I do not recall that Yehoshua had a trial during the limited period of time when I was not supporting her.

13. Khahaifa announced the change in staffing during a Unit meeting. I recall that Yehoshua was present for that meeting.

14. Based on my discussions with Khahaifa, I understood that Khahaifa made this change because she believed that Yehoshua relied on me too heavily when preparing her cases for trial. Khahaifa believed that Yehoshua asked me to handle tasks for which Yehoshua was responsible. In my opinion, Khahaifa was concerned that Yehoshua's heavy reliance on me hindered her professional development.

15. For my part, I was not unhappy about this staffing change. I did not complain about this change to Heisler, to Yehoshua or to anyone else.

/ / /

2

310291246v.4

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on __07/11__, 2024 at __Brooklyn__, New York.

_____
ADRIAN THOMPSON

310291246v.4