UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMELIA YEHOSHUA,

                              Plaintiff,                    Case No. 1:21-cv-04055 (FB) (SBJ)


      -against-

MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, THE NEW YORK
CITY TRANSIT AUTHORITY, and WESLII
KHAHAIFA,

                              Defendants.
----------------------------------------------------------------X

### PLAINTIFF AMELIA YEHOSHUA'S RESPONSE IN OPPOSITION TO DEFENDANTS MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, THE NEW YORK CITY TRANSIT AUTHORITY, and WESLII KHAHAIFA'S STATEMENT OF MATERIAL FACTS PURSUANT TO RULE 56.1

Plaintiff Amelia Yehoshua (hereinafter referred to as "Plaintiff"), by and through her attorneys, Nesenoff & Miltenberg, LLP, submits the following Response in Opposition to Defendants Manhattan and Bronx Surface Transit Operating Authority, New York City Transit Authority (collectively, "NYCTA") and Weslii Khahaifa ("Khahaifa" and collectively, "Defendants") Statement of Material Facts.

**Defendants' Relevant Background Facts**

1.      In April 2013, NYCTA hired Yehoshua as a trial attorney in the NYCTA Law Department, Division of Torts ("Torts").  Pl's Dep. Tr. 128:23-129:22; Khahaifa Dep. Tr. 21:11-21; Usen. Dec. Ex. K.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 1.**

2.    Torts was responsible for defending NYCTA in personal injury and property damage cases.  Khahaifa Dec. ¶ 5.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 2.**

3.    Torts was divided into units that were organized, primarily, by borough.  Khahaifa Dec. ¶ 6.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 3.**

4.    Certain units, such as New York and Kings County Units, were further divided into pre-trial and trial units.  Khahaifa Dec. ¶ 6.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 4.**

5.    Yehoshua was assigned to the New York County Trial Unit (the "Unit"), responsible for handling tort litigations in New York State Supreme Court, New York County ("NY Co.").  Khahaifa Dep. Tr. 21:11-21; Khahaifa Dec. ¶¶ 7-8.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 5.**

6.    Yehoshua self-identifies as Jewish and is a Sabbath observer.  Pl's Dep. Tr. 83:7-9, 178:19-20, 179:11-15; Heisler Dep. Tr. 25:20-26:7; Khahaifa Dep. Tr. 39:15-19.

**Response:** For purposes of summary judgment, Plaintiff does not dispute Defendants'
Paragraph 6.

7.      Yehoshua testified that her Sabbath observance required her to leave work before
the end of regular working hours on Friday afternoons.  Pl's Dep. Tr. 217:2-11

**Response: Plaintiff <u>partially disputes</u> Defendants' Paragraph 7. Plaintiff does not
dispute that, in observance of the Sabbath, she would leave work at an earlier time
than usual. However, Plaintiff disputes that she would leave work before the end of
regular working hours. Plaintiff was not required to work a specific start and end
times each day in the Unit. Rather, she was required to work an 8-hour day. Pl. Dep.
Tr.[1] 177:4-21; Pl. Decl. ¶ 30[2]. Thus, on Fridays, Plaintiff would either arrive to work
earlier than usual to finish an 8 hour day with time to leave in observance of the
Sabbath or work through her lunch hour. Pl. Dep. Tr. 178:13-20; Pl. Dec. ¶ 31.**

8.      In or around January 2015, Khahaifa was promoted to Borough Chief, NY Co. Trial
Unit.  Khahaifa Dep. Tr. 31:17-32:6, 34:10-35:12; Khahaifa Dec. ¶ 2.

**Response:** For purposes of summary judgment, Plaintiff does not dispute Defendants'
Paragraph 8.

---

[1] A condensed copy of Plaintiff's deposition transciprt is annexed to the Declaration of Gabrielle M. Vinci at Exhibit 1 and cited herein as "Pl. Dep. Tr. _".
[2] Plaintiff's Declaration is submitted herewith in opposition to Defendants' motion and cited herein as "Pl. Decl. ¶ _".

9.      In 2020, Yehoshua transferred from the New York County Trial Unit to the Kings County Trial Unit.  Khahaifa Dep. Tr. 40:20-41:10, 97:4-25; Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Pl's Dep. Tr. 248:13-17; Usen. Dec. Ex. CC.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 9.**

> **9.1.    Yehoshua was transferred to the Kings County Trial Unit after she lodged numerous complaints with the Transit's Head of Torts, Lawrence Heisler ("Heisler") regarding the unequal and discriminatory treatment she received from Khahaifa. Pl. Decl. ¶¶ 69-71.**
>
> **9.2.    The environment in the New York County Trial Unit (the "Unit") was so hostile for Yehoshua that she felt if she was unable to transfer, she would have no coice but to quit. *Id*.**
>
> **9.3.    Heisler testified that the disparate treatment Khahaifa subjected Yehoshua to was "stark" and that if Plaintiff had stayed in the New York Unit, there would have been a lawsuit. Heisler Dep. Tr. 67:19-71:7.**

10.     Lisa Hodes-Urbont (Jewish) was Borough Chief of the Kings County Trial Unit. Pl's Dep. Tr. 153:2-8; Hodes-Urbont Dec. ¶ 2; Hodes-Urbont Dep. Tr. 22:20-23.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 10.**

**10.1.** **Hodes-Urbont had observed Yehoshua in court before Plaintiff's transfer to Kings County and found her to be a "fierce advocate" and impressive trial attorney. Hodes-Urbont Dep. Tr.** [3] **29:6-19.**

11.     Lawrence Heisler (Jewish) was the Head of Torts.  Pl's Dep. Tr. 134:16-20; Heisler Dep. Tr. 18:12-22; Heisler Dep. Tr. 113:15-19.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 11.**

12.     Since early 2019, David Farber has held the title of Acting General Counsel or General Counsel of NYCTA.  Farber Dec. ¶ 1.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 12.**

13.     Farber self-identifies as Jewish.  Id. at ¶ 3.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendant's Paragraph 13.**

## II.     JANUARY 2016 TIMEKEEPING DISPUTE

14.     NYCTA attorneys were required to work a minimum number of hours per day. Khahaifa Dep. Tr. 53:17-55:3, 56:9-56:22; Pl's Dep. Tr. 177:4-13.

---

[3] The deposition transcript of Lisa Urbont-Hodes is annexed to the Declaration of Gabrielle M. Vinci at Exhibit 8 and cited herein as "Hodes-Urbont Dep. Tr. _".

<u>Response</u>: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 14.

> <u>14.1.</u>Although there were not set start or end times to each day, the general understanding was that attorneys were required to work 8 hours per day. **Pl. Dep. Tr. 177:4-21.**

> <u>14.2.</u>On Fridays, Plaintiff would either arrive to work earlier than usual to finish an 8 hour day with time to leave in observance of the Sabbath or work through her lunch hour. **Pl. Dep. Tr. 178:13-20; Pl. Dec. ¶ 31.**

15.    On Friday, January 15, 2016, Yehoshua arrived 45-minutes late to work.  Khahaifa Dep. Tr. 52:7-53:16; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 73:2-15.

<u>Response</u>: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 15.

> <u>15.1.</u> Plaintiff's lateness was caused by a train delay beyond her control. **Pl. Decl. ¶ 32.**

> <u>15.2.</u> In light of the train delay, Plaintiff obtained an incident report to note that her lateness was due to a train delay beyond her control. Plaintiff understood that the incident report would allow her lateness to be excused and allow her to be approved for a full day of work despite having to leave early in observance of the Sabbath. **Pl. Dep. Tr. 179:19-189:15; Pl. decl. ¶ 33.**

16.      Because of the Sabbath, Yehoshua did not work late to make up the time.  Id.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 16.**

> **16.1. Due to her religious observance of the Sabbath, Plaintiff *could* not work late to make up the time. Pl. Dep. Tr. 188:20-189:22; Pl. Decl. ¶ 33.**

> **16.2. Plaintiff offered to make up the time on a different day but Khahifa rejected that suggestion. Pl. Dep. Tr. 188:20-189:22; Pl. Decl. ¶¶ 35-36.**

17.      On Friday, January 29, 2016, Yehoshua asked Khahaifa to excuse her lateness due to the train delay, i.e., allow Yehoshua to be paid for time she did not work.  Id.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendant's Paragraph 17.**

> **17.1. Plaintiff rpresented Khahaifa was an train incident report to show that her delay in arrival was due to a train delay. Pl. Decl. ¶¶ 32-33.**

> **17.2. Khahaifa's predecessor had routinely excused latenesses due to train delays, in particular with respect to Yehoshua's observance of the Sabbath. Pl. Decl. ¶ 34.**

> **17.3. Heilser testified that he was aware of other instances wherein such latenesses were excused where the employee brought in documentation of a train delay. Heisler Dep. Tr.[4] 25:16-27:8.**

---

[4] The deposition transcript of Lawrence Heisler is annexed to the Declaration of Gabrielle M Vinci at Exhibit 2 and cited herein as "Heisler Dep. Tr. _".

**17.4.** Khahaifa had the authority to excuse minor delays, such as the one being presented in Yehoshua's case, and such latenesses were routinely excused in the office. Heisler Dep. Tr. 29:12-30:6.

18.     In Yehoshua presented a report showing a subway train delay on January 15.  Id.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 18.**

**18.1.**Khahaifa had the authority to excuse minor delays, such as the one being presented in Yehoshua's case, and such latenesses were routinely excused in the office. Heisler Dep. Tr. 29:12-30:6; Pl. Decl. ¶ 34.

19.     Khahaifa had not received such a request before.  Id.; Pl's Dep. Tr. 192:22-194:8.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 19.**

20.     Khahaifa conferred with Gail Goode, Head of Trials in Torts, other Borough Chiefs and timekeeping professionals. Khahaifa Dep. Tr. 52:7-53:16, 55:16-22; Khahaifa Dec. Ex. A; Pl's Dep. Tr. 192:22-195:23.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 20.**

**20.1.** Khahaifa did not consult with her supervisor and Head of Torts, Heisler. Khahaifa Dep. Tr.[5] 52:7-53:16, 55:16-22.

---

[5] The deposition transcript of Defendant Weslii Khahaifa is annexed to the Declaration of Gabrielle M Vinci at Exhibit 3 and cited herein as "Khahaifa Dep. Tr. _".

**20.2.It is Plaintiff's understanding that Khahaifa did not advise any of the persons she purportedly spoke to that the incident fell on Friday when Plaintiff was required by her religious custom to leave early. Pl. Decl. ¶¶ 37-38.**

21.     Khahaifa was advised, uniformly, that a train incident report did not excuse a late arrival.  Khahaifa Dep. Tr. 52:7-53:16; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 187:8-188:10, 192:22-195:23.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 21.**

**21.1.Heilser testified that he was aware of other instances wherein such latenesses were excused where the employee brought in documentation of a train delay. Heisler Dep. Tr. 25:16-27:8.**

**21.2. Khahaifa had the authority to excuse minor delays, such as the one being presented in Yehoshua's case, and such latenesses were routinely excused in the office. Heisler Dep. Tr. 29:12-30:6.**

22.     On February 2, 2016, Khahaifa advised Yehoshua that she could not excuse the 45-minute deficiency.  Khahaifa Dep. Tr. 52:7-53:16; Pl's Dep. Tr. 73:2-73:15; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 22.**

**22.1.** **Khahifa told Plaintiff that it did not matter that the day of the delay coincided with Yehoshua's observance of the Sabbath. Pl. Decl. ¶¶ 35-36.**

23.    Khahaifa suggested Yehoshua ask Heisler who may have authority to excuse the time. Pl's Dep. Tr. 73:2-15, 191:19-23; Khahaifa Dep. Tr. 57:8-20; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L.

**Response: Plaintiff <u>disputes</u> Defendants' Paragraph 23. Khahaifa did not suggest that Plaintiff speak to Heisler; Yehoshua told Khahaifa that she (Plaintiff) would speak to Heisler and Gail Goode, the Head of Trials in Torts ("Goode") to which Khahaifa responded "go ahead". Goode was not available to speak with but Yehoshua did speak with Heisler. Pl. Dep. Tr. 191:15-192:13; Pl. Decl. ¶¶ 39-41.**

24.    Heisler authorized Yehoshua to be paid for the 45-minutes that she did not work. Khahaifa Dep. Tr. 52:13-53:16, 71:3-9; Khahaifa Dec. Ex. A; Usen. Dec. Ex. L; Pl's Dep. Tr. 191:24-192:16.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 24.**

**24.1.** **When Yeohshua spoke with Heisler, she explained the situation and complained that she was being discriminated against. Pl. Decl. ¶ 41.**

**24.2.** **Heisler agreed that Khahaifa's actions could be interpreted as being motivated by discriminatory animus or bias and was annoyed that Khahaifa would but Transit in such a position. Heisler Dep. Tr. 27:9-28:4.**

**24.3.** Heisler confronted Khahaifa and asked her why she would put a put "a bulls eye on Transit's back", stated it made no sense why she would not excuse the small lateness and raise the possibility of a lawsuit. Heisler Dep. Tr. 31:16-32:9. Heisler clearly implied that Khahaifa had discriminated against Yehoshua on the basis of her religious observance. Heisler Dep. Tr. 37:14-38:15.

**24.4.** Khahaifa understood that Yehoshua had complained that she (Khahaifa) had discriminated against Yehoshua on the basis of her religion or, at a minimum, her religious observance of the Sabbath declaration of Gabrielle M. Vinci ("Vinci Decl.) at Exhibit ("Ex.") 4, p. 2-3.

## III.  TRIAL ASSISTANT CHANGE

25.  Adrian Thompson primarily assisted Yehoshua as a trial assistant.  Khahaifa Dep. Tr. 41:12-25; Pl's Dep. Tr. 226:7-13; Thompson Dec. ¶ 5.

**Response:** For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 25.

**25.1.** Yehoshua and Thompson got along well and never had any issues with working with one another. Pl. Dep. Tr. 226: 11-21; Pl. Decl. ¶¶ 55-57.

**25.2.** Thompson never complained to Plaintiff or, to Plaintiff's knowledge, anyone else that Yehoshua was overusing him or otherwise abusing him in his position as trial assistant. Pl. Decl. ¶¶ 55-57.

26.     Khahaifa believed that Yehoshua was not as involved in the nuances of her cases as she could be, because she was relying too heavily on Thompson.  Khahaifa Dep. Tr. 44:2-45:12; Pl's Dep. Tr. 226:14-234:13; Thompson Dec. ¶ 14.

**Response: Plaintiff disputes Defendants' Paragraph 26. Khahifa did not have a basis on which to evaluate Yehoshua's performance on cases as Khahaifa rarely observed Yehoshua at trial or in court. Khahaifa Dep. Tr. 85:21-87:2. Khahaifa found Yehoshua effective as a trial attorney. *Id.* at 87:8-12. Heisler described Yehoshua as "extremely successful" as she never "really … lost a trial." Heisler Dep. Tr. 17:3-11. Yehoshua and Thompson worked well together and there were no complaints from Yehoshua or Thompson that Yehoshua was overusing or relying too heavily on Thompson's services. Pl. Decl. ¶¶ 55-57.  Khahaifa never advised Plaintiff or, to Plaintiff's knowledge, Thompson that she (Khahaifa) believed Yehoshua was relying too heavily on Thompson. Pl. Decl. ¶ 54.**

27.     Khahaifa believed that Yehoshua's heavy reliance on Thompson was hindering her professional development.  Khahaifa Dep. Tr. 44:2-45:12; Thompson Dec. ¶¶ 12-14

**Response: Plaintiff disputes Defendants' Paragraph 27. Khahifa did not have a basis on which to evaluate Yehoshua's performance on cases as Khahaifa rarely observed Yehoshua at trial or in court. Khahaifa Dep. Tr. 85:21-87:2. Khahaifa found Yehoshua effective as a trial attorney. *Id.* at 87:8-12. Heisler described Yehoshua as "extremely successful" as she never "really … lost a trial." Heisler Dep. Tr. 17:3-11. Yehoshua and Thompson worked well together and there were no complaints from Yehoshua or Thompson that Yehoshua was overusing or relying too heavily on**

Thompson's services, or that their working relationship hindered Plaintiff's professional development and growth. Pl. Decl. ¶ 54.

28.     To further Yehoshua's professional development, Khahaifa changed trial assistant assignments throughout the Unit.   Khahaifa Dep. Tr. 44:2-45:12, 47:10-21, 185:18-186:6; Thompson Dec. ¶¶ 12-14; Yehoshua Tr. 231:15-232:2; Khahaifa Dec. ¶ 14.

**Response: Plaintiff <u>disputes</u> Defendants' Paragraph 28. Khahifa did not have a basis on which to evaluate Yehoshua's performance on cases as Khahaifa rarely observed Yehoshua at trial or in court. Khahaifa Dep. Tr. 85:21-87:2. Khahaifa found Yehoshua effective as a trial attorney. *Id*. at 87:8-12. Heisler described Yehoshua as "extremely successful" as she never "really … lost a trial." Heisler Dep. Tr. 17:3-11. Yehoshua and Thompson worked well together and there were no complaints from Yehoshua or Thompson that Yehoshua was overusing or relying too heavily on Thompson's services. Pl. Decl. ¶ 54. Yehoshua was advised that no other attorneys were reassigned trial assistants. Pl. Dep. Tr. 226:15-228:3; Pl. Decl. ¶ 59. Khahaifa never advised Yehoshua that Thompson was being reassigned for Yehoshua's own professional development. Pl. Dep. Tr. 228:16-229:7. Plaintiff's trial assistant was not changed until after Khahaifa understood that Plaintiff had complained that she (Khahaifa) had interfered with Plaintiff's observance fo the Sabbath and during a time when Khahaifa was intentionally increasing Plaintiff's workload. Pl. Decl. ¶¶ 45-46, 53. Thompson was also not assigned to another attorney in the Unit but rather to outside counsel. Pl. Decl. ¶ 60.**

29.     Yehoshua complained about the change to Goode and Heisler.  Pl's Dep. Tr. 226:14-234:6; Khahaifa Dep. Tr. 47:22-51:17; Heisler Dep. Tr. 45:18-46:6.

**Response: Plaintiff <u>disputes</u> Defendants' Paragraph 29. Yehoshua told Khahaifa and Goode that she wanted Thompson back as her trial assistant. Pl. Dep. Tr. 226:11-228:3, 233:12-25. Thompson complained to Heisler that he did not understand why he (Thompson) was removed as Yehoshua's trial assistant and did not want to be removed. Pl. Dep. Tr. 226:11-227:13; Pl. Decl. ¶ 61.**

30.     At Goode's direction, Khahaifa restored Thompson as Yehoshua's trial assistant. Khahaifa Dep. Tr. 47:22-51:6; Pl's Dep. Tr. 234:14-235:12.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 30.**

31.     The change did not last longer than a few weeks, during which time Yehoshua did not have a trial.  Khahaifa Dep. Tr. 43:22-25; Pl's Dep. Tr. 228:8-12, 234:25-235:12; Thompson Dec. ¶ 12; Khahaifa Dec. ¶¶ 14-15.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 31.**

## IV.    KHAHAIFA'S EVEN ASSIGNMENT OF CASES

32.     Between 2016 and 2020, some combination of the following trial attorneys reported to Khahaifa:  Yehoshua, John Jerman, Alexandra Vandoros, and Jennifer Coyne.  Khahaifa Dep. Tr. 36:24-37:4, 38:16-40:23.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 32.**

33.     The breakdown of case assignments amongst attorneys in the Unit between 2016 and 2020 was as follows:

|        | Yehoshua | Jerman | Vandoros | Coyne3 |
|--------|----------|--------|----------|--------|
| 2016   | 14       | 5      | 4        | 9      |
| 2017   | 9        | 9      | 2        | 11     |
| 2018   | 6        | 9      | 1        | 0      |
| 2019   | 8        | 11     | 6        | N/A    |
| 2020   | 0        | 14     | 7        | N/A    |

Pl's Dep. Tr. 34:18-36:9; Heisler Dep. Tr. 51:4-20, 52:18-53:19; Khahaifa Dep. Tr. 76:22-78:19, 103:10-25; Khahaifa Dec. ¶¶ 16-19, Ex. D.

**Response: Plaintiff <u>disputes</u> Defendants' Paragraph 33. There was no transparency with respect to the division of labor in the Unit under Khahaifa's supervision. Pl. Decl. ¶¶ 49-52. There was no break in the increase of Plaintiff's workload following her complaint to Heisler until after Yehoshua had to complain again to Hesiler about the unequal distribution of cases and trials. *Id.* Yehoshua was no longer in the NY Co. Unit effective January 2020. Heisler Dep. Tr. 77:4-15.**

34.     Khahaifa did not have a specific date or time when she assigned new matters to attorneys in the Unit.  Khahaifa Dep. Tr. 89:25-90:14; Khahaifa Dec. ¶ 22.

**Response: Plaintiff disputes Defendants' Paragraph 35. Khahaifa would assign Yehoshua work on Friday after Yehoshua had left the office in observance of the Sabbath, including sending Yehoshua emails and leaving files on Yehoshua's desk or chair. Pl. Dep. Tr. 216:21-217:16, 218:17-24; Pl. Decl. ¶¶ 45-48. These assignments would include work that needed to be performed for or by the following business day, Monday morning. Pl. Dep. Tr. 218:17-219:3, 220:24-221:13; Pl. Decl. ¶¶ 45-48.**

35.    Rather, new case assignments were made and distributed based on business needs and Khahaifa's own availability.  Id.

**Response: Plaintiff disputes Defendants' Paragraph 35. Khahaifa would assign Yehoshua work on Friday after Yehoshua had left the office in observance of the Sabbath, including sending Yehoshua emails and leaving files on Yehoshua's desk or chair, despite knowing that Plaintiff would not be able to perform work due to her religious observance. Pl. Dep. Tr. 216:21-217:16, 218:17-24; Pl. Decl. ¶¶ 45-48. These assignments included work, i.e. business needs, that needed to be performed for or by the following business day, Monday morning. Pl. Dep. Tr. 218:17-219:3, 220:24-221:13; Pl. Decl. ¶¶ 45-48. Kaihaifa knew that Plaintiff would not be able to perofrm any work on the files until Monday morning due to her observance of the Sabbath over the weekend. *Id.***

36.    This practice sometimes resulted in assignment of new matters on Fridays. Khahaifa Dep. Tr. 89:25-90:14; Khahaifa Dec. ¶¶ 23-24.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute that Khahaifa assigned new matters on Fridays but <u>disputes</u> that the assignement of work was based solely on alleged business needs. Khahaifa would assign Yehoshua work on Friday after Yehoshua had left the office in observance of the Sabbath, including sending Yehoshua emails and leaving files on Yehoshua's desk or chair, despite knowing that Plaintiff would not be able to perform work due to her religious observance. Pl. Dep. Tr. 216:21-217:16, 218:17-24; Pl. Decl. ¶¶ 45-48. These assignments included work, i.e. business needs, that needed to be performed for or by the following business day, Monday morning. Pl. Dep. Tr. 218:17-219:3, 220:24-221:13; Pl. Decl. ¶¶ 45-48. Kaihaifa knew that Plaintiff would not be able to perofrm any work on the files until Monday morning due to her observance of the Sabbath over the weekend. *Id.* Yehoshua complained to Heisler about this practice. Heisler Dep. Tr. 39:12-16.**

37.     Khahaifa never required Yehoshua to respond to email correspondence about new matters, or to complete any work, on Friday afternoons or over the Jewish Sabbath.  Khahaifa Dep. Tr. 90:15-91:22; Khahaifa Dec. ¶¶ 24-25.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 37.**

> **37.1. Khahaifa would assign Yehoshua work on Friday after Yehoshua had left the office in observance of the Sabbath, including sending Yehoshua emails and leaving files on Yehoshua's desk or chair. Pl. Dep. Tr. 216:21-217:16, 218:17-24; Pl. Decl. ¶¶ 45-48. These assignments would include**

17

work that needed to be performed for or by the following business day, Monday morning. Pl. Dep. Tr. 218:17-219:3, 220:24-221:13; Pl. Decl. ¶¶ 45-48.

<u>37.2.</u>Yehoshua complained to Heisler about this practice. Heisler Dep. Tr. 39:12-16.

V.    JUDGES ████████, FRANK AND FREED COMPLAIN ABOUT YEHOSHUA

█████ ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████
████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████
████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



39.



40.



42.    

43.    On November 7, 2019, Khahaifa elevated Judge ███████ concerns to Goode and Heisler.  Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr. 146:21-147:6, 157:25-158:14; Heisler Dep. Tr. 56:8-60:6.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 43.**

44.    Heisler downplayed the severity of these complaints.  Khahaifa Dep. Tr. 146:21-147:22, 175:18-22; Heisler Dep. Tr. 60:11-61:4, 98:6-99:16; Khahaifa Dec. Ex. E.

**Response: Plaintiff disputes Defendants' Paragraph 44. Having been advised of the complaints from Justice ███████, Heisler determined that, 'in the larger scheme of things", the issue was minor and had been resolved. Heisler Dep. Tr. 60:11-61:4. As Heisler explained at his deposition, the issue underlying Justice ███████ complaints was minor. Heisler Dep. Tr. 67:19-72:6.**



45. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████

46. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████

47.     Judge ████ brought Khahaifa to Justice Lyle Frank.  Usen. Dec. Ex. H ¶ 4; Pl's Dep. Tr. 281:25-282:18; Khahaifa Dep. Tr. 162:4-164:23; Khahaifa Dec. Exs. D and E.

**Response:** **For purposes of summary judgment, Plaintiff does not dispute that Justice ████ Declaration states as described herein Defendants' Paragraph 47.**

48.     Judge Frank presided over a July 2019 trial with Yehoshua.  Usen. Dec. Ex. H ¶ 3; Pl's Dep. Tr. 282:5-18.

**Response:** For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 48.

    **48.1.** Plaintiff appeared before Justice Frank in the matter *Chinn v. New York City Transit Authority*, Index. No. 15684/2014. Pl. Dec. ¶ 6 at Ex. A. The case resulted in a defense verdict. *Id.*; Heisler Dep. Tr. 64:14-65:10.

49.      Judge Frank relayed his exasperation with Yehoshua during the trial, describing her conduct as unbecoming of an attorney. Usen. Dec. Ex. H ¶¶ 5-6; Pl's Dep. Tr. 281:25-282:18; Khahaifa Dep. Tr. 164:4-16; Khahaifa Dec. Exs. D and E.

    **Response:** For purposes of summary judgment, Plaintiff does not dispute that Justice Frank's Declaration states as described herein Defendants' Paragraph 49. Plaintiff respectfully disputes the assertions in Hon. Justice Frank's Declaration. Pl. Dec. ¶ 13; Pl. Decl. ¶ 23 at Ex. D, E.

50.      Judge Frank advised that Yehoshua was "overly adversarial, disrespectful and disruptive," that Yehoshua badgered a witness during cross-examination and that she demonstrated a lack of understanding of the law. Id.

    **Response:** For purposes of summary judgment, Plaintiff does not dispute that Justice Frank's Declaration states as described herein Defendants' Paragraph 50. Plaintiff respectfully disputes the assertions in Hon. Justice Frank's Declaration. Pl. Dec. ¶ 13; Pl. Decl. ¶ 23 at Ex. D, E.

**50.1.**Heisler described Justice Frank's complaints as problematic in that they had a gender biased tone and would not have been complaints made against a male attorney. Heisler Dep. Tr. 64:6-66:24.

51.     Judge Frank did not want to preside over another trial with Yehoshua.  Id.

**Response: Plaintiff disputes Defendants' Paragraph 51. Justice Frank's Declaration reads that Justice Frank was "reluctant" to have Yehoshua appear in his part again, not that he did not want to preside over another trial with Yehoshua again. Usen. Dec. Ex. H. ¶ 5. At no point in time did Justice Frank advise Plaintiff that she (Plaintiff) was not welcome to appear in Justice Frank's courtroom again. Pl. Decl. ¶ 18.**

52.     Judge ███████ walked Khahaifa to Justice Kathryn E. Freed's courtroom. Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Khahaifa Dep. Tr. 163:11-164:3.

**Response: For purposes of summary judgment, Plaintiff does not Defendants' Paragraph 52.**

53.     At the request of Judge Freed's court attorney, Khahaifa met with Judge Freed the next day, on December 4, 2019.  Khahaifa Dec. Exs. D and E;  Khahaifa Dep. Tr. 163:15-164:3, 168:6-169:4.

**Response: For purposes of summary judgment, Plaintiff does not Defendants' Paragraph 53.**

54.    Judge Freed presided over a 2017 trial with Yehoshua.  Usen. Dec. Ex. E, at Ex. A.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 54.**

55.    Judge Freed relayed her general disdain for Yehoshua's unprofessional conduct throughout the trial.  Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶¶ 6-24; Khahaifa Dep. Tr. 168:6-169:4; Khahaifa Dec. Exs. D and E.

**Response: For purposes of summary judgment, Plaintiff does not dispute that Justice Freed's Declaration states as described herein Defendants' Paragraph 55. Plaintiff respectfully disputes the assertions in Hon. Justice Freed's Declaration. Pl. Dec. ¶ 12; Pl. Decl. ¶ 23 at Ex. D, E.**

> **55.1. Heisler testified that Justice Freed had a history of bias against Transit attorneys, including himself and Khahaifa. Hesiler Dep. Tr. 62:3-19. Heisler was not concerned about Justice Freed's alleged complaints about Plaintiff ue to this history and the inaccuracy in Justice Freed's complaint about papers submitted by Transit. Heisler Dep. Tr. 101:22-110:3.**

56.    Judge Freed complained that Yehoshua was repeatedly late, dishonest, disrespectful and unprofessional.  Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶¶ 6-24; Khahaifa Dep. Tr. 168:6-169:4.

**Response: For purposes of summary judgment, Plaintiff does not dispute that Justice Freed's Declaration states as described herein Defendants' Paragraph 56. Plaintiff**

**respectfully disputes the assertions in Hon. Justice Freed's Declaration. Pl. Dec. ¶ 12; Pl. Decl. ¶ 23 at Ex. D, E.**

57.    Judge Freed found Yehoshua's conduct to fall outside the bounds of normal courtroom behavior, and concluded that in all her years on the bench, Yehoshua's conduct negatively stood apart.  Khahaifa Dep. Tr. 168:9-169:4; Pl's Dep. Tr. 283:16-284:4; see also Usen. Dec. Ex. E, ¶¶ 6-24, 23 (describing Yehoshua as "a judge's worst nightmare.")

> <u>Response</u>: **For purposes of summary judgment, Plaintiff does not dispute that Justice Freed's Declaration states as described herein Defendants' Paragraph 57. Plaintiff respectfully disputes the assertions in Hon. Justice Freed's Declaration. Pl. Dec. ¶ 12; Pl. Decl. ¶ 23 at Ex. D, E.**

58.    Judge Freed informed Khahaifa that Yehoshua was not welcome in her courtroom. Khahaifa Dec. Exs. D and E; Pl's Dep. Tr. 283:16-284:4; Usen. Dec. Ex. E ¶ 24.

> <u>Response</u>: **For purposes of summary judgment, Plaintiff does not dispute that Justice Freed's Declaration states as described herein Defendants' Paragraph 58. Plaintiff respectfully disputes the assertions in Hon. Justice Freed's Declaration. Pl. Dec. ¶ 12; Pl. Decl. ¶ 23 at Ex. D, E.**

59.    Following her experience with Yehoshua, Judge Freed no longer accepted new NYCTA cases, and those she had, were slowly reassigned to other judges. Usen. Dec. Ex. E ¶¶ 28-29; Pl's Dep. Tr. 285:3-292:25; Khahaifa Dec. Exs. D and E.

**Response**: For purposes of summary judgment, Plaintiff does not dispute that Justice Freed's Declaration states as described herein Defendants' Paragraph 59. Plaintiff respectfully disputes the assertions in Hon. Justice Freed's Declaration. Pl. Dec. ¶ 12; Pl. Decl. ¶ 23 at Ex. D, E.

60. On December 4, 2019, Khahaifa reported the concerns of Judges Frank and Freed to Heisler and Goode. Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr. 169:23-170:10; Heisler Dep. Tr. 61:5-64:12.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 60.

> **60.1.** Sometime in November or December, Khahaifa approached Heisler in the hallway and, wmirking, advised him that judges did not like Plaintiff without more detail, explanation or context. Heisler Dep. Tr. 61:5-62:19, 67:5-18. Khahaifa also sent Heisler and Goode an email regarding the justices' complaints. Vinci Decl. at Ex. 5.

> **60.2.** Khahaifa wanted Yehoshua out, at a minimum, of the New York County Trial unit. *Id*.

61. On January 9, 2020, Khahaifa followed up with Heisler and Goode, stating, "[i]t has been 2 months since this issue arose and I would like some clarity on what action, if any, will be taken," explaining that Khahaifa was "trying to plan [her] calendar and case assignments and would appreciate if this could be addressed as soon as possible." Khahaifa Dec. Ex. E.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 61.

62.    On January 9, 2020, Heisler advised that he would transfer Yehoshua to the Kings County Trial Unit.  Khahaifa Dec. Exs. D and E; Khahaifa Dep. Tr at 40:20-41:10, 104:13-109:7, 174:20-178:15; Heisler Tr. 72:14-73:2.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 62.

> **62.1.**Yehoshua was transferred to the Kings County Trial Unit at her request, following numerous complaints of a hostile work environment and discrimination from Khahaifa. Heisler Dep. Tr. 67:19-71:3. Heisler transferred Plaintiff out of Khahaifa's unit to avoid a catastrophe as the disparate treatment Plaintiff suffered at Khahaifa's hands was "stark". Heisler Dep. Tr. 67:19-68:10.

63.    Heisler testified that Yehoshua, due to generalized workplace complaints, had previously requested to be transferred out of Khahaifa's Unit.  Heisler Dep. Tr.  39:9-43:13.

**Response**: Plaintiff <u>disputes</u> Defendants' Paragraph 63. Heisler transferred Plaintiff out of Khahaifa's unit to avoid a catastrophe as the disparate treatment Plaintiff suffered at Khahaifa's hands was "stark". Heisler Dep. Tr. 67:19-68:10.

64.    Until this litigation, Khahaifa was not aware of Yehoshua's request to change units. Khahaifa Dep. Tr. 98:2-99:15.

**Response: Plaintiff disputes Defendants' Paragraph 64. Plaintiff made a complaint to Khahaifa in or around 2019 that signalled to Khahaifa that Plaintiff did not was to be in Khahaifa's unit anymore. Khahaifa Dep. Tr. 98:11-21.**

## VI. JUDGES ADAMS, SILVERA, AND KAPLAN COMPLAIN ABOUT YEHOSHUA

65.    On January 23, 2020, Judge Adams (who took over the NYCTA pre-trial part in early 2020) advised Khahaifa that she would recuse herself from any cases in which Yehoshua appeared.  Khahaifa Dep. Tr. 171:12-174:19; Khahaifa Dec. Exs. D and E; Usen. Dec. Ex. G ¶¶ 2-3; Pl's Dep. Tr. 295:11-17; Usen. Dec. Ex. Y.

**Response: For purposes of summary judgment, Plaintiff does not dispute that Justice Adams' Declaration states as described herein Defendants' Paragraph 65.**

> **65.1.Justice Adams and Plaintiff were previously colleagues at a prior firm before Justice Adams was elected to the bench. Heisler Dep. Tr. 61:21-24; Pl. Dep. Tr. 295:25-296:3, 297:14-22; Pl. Decl. ¶ 14.**
>
> **65.2.To Plaintiff's understanding, Justice Adams rightfully recused herself from any case with Plaintiff not due to any alleged misconduct on Plaintiff's part, but to avoid the appearance of any conflict of interest given their past working relationship. *Id.***
>
> **65.3.Transit used Justice Adams' ethical recusal of herself from Plaintiff's cases as a basis to terminate Plaintiff's employment. Vinci Decl. at Ex. 7.**

66.    On January 23, 2020, Judge Silvera advised Khahaifa that he did not want Yehoshua in his courtroom.  Khahaifa Dec. Exs. D and E; Usen. Dec. Ex. I ¶ 2; Pl's Dep. Tr. 295:18-24; Khahaifa Dep. Tr. 179:6-180:2.

**Response**: For purposes of summary judgment, Plaintiff does not dispute that Justice Silvera's Declaration states as described herein Defendants' Paragraph 66. Plaintiff respectfully disputes the assertions in Hon. Justice Silvera's Declaration. Pl. Dec. ¶ 23 at Ex. D, E.

      **66.1.**Plaintiff never appeared before Justice Silvera before or after Justice Silvera's alleged complaints to Khahaifa. Pl. Decl. ¶¶ 17, 23 at Ex. D, E.

67.    Justices ▮▮▮▮▮ Freed, and Frank relayed complaints about Yehoshua to the then Administrative Law Judge, Justice Deborah A. Kaplan.  Usen Dec. Exs. E ¶¶ 25-27, F ¶ 13, H ¶ 7; Khahaifa Dep. Tr. 104:21-105:10.

**Response**: For purposes of summary judgment, Plaintiff does not dispute that the Justices' Declarations state as described herein Defendants' Paragraph 67. Plaintiff respectfully disputes the assertions in the Justices' respective Declarations. Pl. Dec. ¶¶ 11-13, 23 at Ex. D, E.

68.    At the time, Justice Kaplan oversaw the NYCTA trial part.  Khahaifa Dec. ¶ 12.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 68.

69.    On January 30, 2020, Judge Kaplan met with Khahaifa and Sherri Ehrlich (Jewish), Borough Chief for the NY Co. pre-trial unit.  Khahaifa Dec. Exs. D and E at 003283-3308; NYCTA 0004758-4773); Khahaifa Dep. Tr. 180:3-181:6; Farber Dec. Ex. A; Khahaifa Dec. ¶¶ 29-30.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 69.**

70.      Judge Kaplan explained that, due to complaints from judges, she had to step in for the assigning clerk to find a judge willing to preside over trials handled by Yehoshua.  Khahaifa Dep. Tr. 104:21-107:3, 180:3-181:6; Pl's Dep. Tr. 297:25-298:10; Khahaifa Dec. Exs. D, E and F.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 70.**

> **70.1.** **Yehoshua continued to appear in New York County Supreme Court and, indeed, continued to appear before judges that had allegedly complained about her. Plaintiff was never advised by any judge that se was unwelcome in any courtroom. Pl. Decl. ¶¶ 10, 18.**

> **70.2.** **Many judges in fact complemented Plaintiff on her professionalism while appearing before them. Pl. Decl. ¶ 19.**

71.      Judge Kaplan advised that the Court would not tolerate Yehoshua. *Id*.

**Response**: **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 71.**

> **71.1.** **Yehoshua continued to appear in New York County Supreme Court and, indeed, continued to appear before judges that had allegedly complained about her. Plaintiff was never advised by any judge that se was unwelcome in any courtroom. Pl. Decl. ¶¶ 10, 18.**

> **71.2.** **Many judges in fact complemented Plaintiff on her professionalism while appearing before them. Pl. Decl. ¶ 19.**

## VII.    HEISLER TRANSFERS YEHOSHUA TO THE KINGS COUNTY TRIAL UNIT

72.    Yehoshua was transferred to the Kings County Trial Unit effective March 2020. Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Khahaifa Dep. Tr. 40:20-25, 97:8-21; Heisler Dep. Tr. 77:4-8; Khahaifa Dec. Ex. E; Usen. Dec. Ex. BB and Ex. CC; Hodes-Urbont Dec. ¶ 4.

**Response: Plaintiff _disputes_ Defendants' Paragraph 72. Yehoshua was transferred to the Kings County Trial Unit by Heisler, effective January 2020. Heisler Dep. Tr. 77:4-15. Yehoshua was transferred to the Kings County Trial Unit at her request, following numerous complaints of a hostile work environment and discrimination from Khahaifa and because the disparate treatment Khahaifa subjected Yehoshua to was "stark" and Heisler felt that if Plaintiff had stayed in the New York Unit, there would have been a lawsuit. Heisler Dep. Tr. 67:19-71:7; Pl. Decl. ¶¶ 69-72. Following Yehoshua's transfer in January 2020, Khahaifa should not have had any further dealings with Yehoshua. _Id._**

73.    Yehoshua was required to complete outstanding assignments for Khahaifa, even after she transferred to the Kings County Unit.  Hodes-Urbont Dep. Tr. 42:24-44:8; Khahaifa Dep. Tr. 97:8-15, 108:16-109:7; Hodes-Urbont Dec. ¶¶ 4-5.

**Response: Plaintiff _disputes_ Defendants' Paragraph 73. Yehoshua was transferred to the Kings County Trial Unit by Heisler, effective January 2020. Heisler Dep. Tr. 77:4-78:15. Yehoshua was transferred to the Kings County Trial Unit at her request, following numerous complaints of a hostile work environment and discrimination**

33

**from Khahaifa and because the disparate treatment Khahaifa subjected Yehoshua to was "stark" and Heisler felt that if Plaintiff had stayed in the New York Unit, there would have been a lawsuit. Heisler Dep. Tr. 67:19-71:7; Pl. Decl. ¶¶ 69-72. Following Yehoshua's transfer in January 2020, Khahaifa should not have had any further dealings with Yehoshua.** *Id.* **Khahaifa wanted Yehoshua's transfer to be immediate and quickly began re-assigning Plaintiff's cases even when doing so cost Transit "thousands of dollars". Heisler Dep. Tr. 78:4-15.**

74.     After March 2020, Khahaifa did not assign Yehoshua any new cases or any new work assignments.  Khahaifa Dep. Tr. 139:22-142:13; Hodes-Urbont Dep. Tr. 42:24-44:19; Usen. Dec. Ex. M; Khahaifa Dec. ¶ 18; Khahaifa Dec. Ex. G.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 74.**

> **74.1.Khahaifa should not have been assigning Plaintiff any work assignments after Plaintiff's transfer to Kings County in January 2020. Heisler Dep. Tr. 77:4-78:15; Pl. Decl. ¶ 72.**

75.     In June 2020, Khahaifa maintained timekeeping approval for Yehoshua due to an administrative error.  Khahaifa Dep. Tr at 94:15-25;  Hodes-Urbont Dep. Tr. 44:20-46:8; Farber Dec. ¶¶ 35-36

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 75.**

> **75.1.** Despite not being Yehoshua's supervisor for months, Khahaifa did nothing to correct the alleged administrative error until Plaintiff complained of it in June 2020. Pl. Decl. ¶¶ 72-73.

76.    On June 10, 2020, Khahaifa asked Yehoshua whether she took off from work on May 29, 2020.  Usen. Dec. Ex. N; Khahaifa Dep. Tr. 95:7-97:3; Pl's Dep. Tr. 237:12-238:16

**Response:** **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 76.**

77.    Yehoshua responded that May 29 was the holiday of Shavuot, but she worked from home. and, thereafter Khahaifa approved the time.  *Id*.

**Response:** **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 77.**

## VIII.    OIG INVESTIGATION AND JANUARY 23, 2020 REPORT

78.    In January 2020, the MTA's Office of Inspector General ("OIG") completed an investigation into Yehoshua.  Usen. Dec. Ex. P.

**Response:** **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 78.**

79.    The investigation was triggered by a complaint that Yehoshua engaged a NYCTA vendor (i.e., an outside counsel) to represent her in a personal litigation without compensation.  *Id*.

**Response:** **For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 79.**

**79.1.** Plaintiff's adversary in her personal litigation submitted the complaint which triggered the investigation. Pl. Decl. ¶ 25.

80.     When interviewed by OIG, Yehoshua confirmed that she engaged in the challenged conduct.  Pl's Dep. Tr. 52:14-60:3; Usen. Dec. Exs. Q, O.

**Response: Plaintiff disputes Defendants' Paragraph 80. During her interview with OIG, Plaintiff explained that she engaged outside counsel to represent her in a personal litigation on a contingenct basis. Pl. Dep. Tr. 56:6-57:8; Vinci Decl., Ex. 7. Plaintiff did not engage outside counsel to represent her for free; she agreed to a fee arrangement whereby counsel's payment would be a percentage of any recovery which was very common in outside counsel's line of work. *Id.*; Pl. Decl. ¶¶ 26-27. Heisler testified that a contingent arrangement is still an arrangement for compensation, did not believe any rule was broken, and spoke to Farber about how Yehoshua's actions did not violate any rule. Heisler Dep. Tr. 9:15-14:18.**

81.     During its investigation, the OIG also spoke with Khahaifa. Khahaifa Dep. Tr. 120:10-122:19; Pl's Dep. Tr. 51:18-25, 60:23-62:19.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 81.**

82.     When asked, Khahaifa confirmed the scope of Yehoshua's authority to engage outside counsel.  Khahaifa Dep. Tr. 120:10-122:19, 130:17-132:11; Pl's Dep. Tr. 51:18-25, 60:23-62:19; Usen. Dec. Ex. P.

**Response: For the purposes of summary judgment, Plaintiff does not dispute that Khahaifa confirmed Yehoshua's authority to engage outside counsel with respect to NYCTA litigation. Khahaifa Dep. Tr. 120:10-122:19. Khahaifa was not aware that she was answering questions in connection to an ongoing investigation against Yehoshua.** *Id.* **Khahaifa was not aware at the time she answered questions that Yehoshua had been accused of engaging outside counsel for a personal matter or the circumstances of that engagement.** *Id.* **at 123:2-10.**

83.    In a report dated January 23, 2020, the OIG determined that Yehoshua violated the All-Agency Code of Ethics, New York State Public Officers Law, and MTA All-Agency Computer and Social Media Usage Policy Directive.  Usen. Dec. Ex. P.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 83.**

> **83.1. Heisler disagreed with the OIG's determination that Yehoshua violated any rules and shared that sentiment with Farber. Heisler Dep. Tr. 12:25-14:7.**

84.    NYCTA maintains a zero-tolerance stance with respect to ethical violations as even the appearance of impropriety is prohibited by applicable law.  Farber Dec. ¶ 8.

**Response: Plaintiff disputes Defendants' Paragraph 84. NYCTA looked past Farber's involvement in a public scandal during his tenure with the New York City Housign Authority ("NYCHA") wherein NYCHA was found to have fraudulently submitted paperwork regarding lead paint checks in housing complexes to the federal**

**government, thereby calling into question NYCTA's alleged "zero-tolerance" policy for ethical violations. Vinci Decl. at Ex. 6.**

85.    The January 23 OIG report is the only OIG report Farber received during his tenure at NYCTA substantiating allegations of unethical conduct by an attorney.   Farber Dec. ¶ 10; Pl's Dep. Tr. 66:25-67:10.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 83.**

> **85.1.** **Plaintiff dipsutes that she engaged in any unethical or other misconduct and submitted a response to the allegations throughprior counsel.**
>
> **Pl.  Decl. ¶¶ 24-27; Pl. Decl. at Ex. B, C.**

86.    Farber determined that termination of Yehoshua's employment was appropriate. Farber Dec. ¶ 11; Pl's Dep. Tr. 62:20-66:24; Heisler Dep. Tr. 11:3-12:24, 84:11-85:6.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 86.**

> **86.1.** **Plaintiff dipsutes that she engaged in any unethical or other misconduct and submitted a response to the allegations throughprior counsel.**
>
> **Pl.  Decl. ¶¶ 24-27; Pl. Decl. at Ex. B, C.**

87.    Farber advised Heisler, and Khahaifa, separately, of the OIG's findings and his decision as to the appropriate discipline.  Farber Dec. ¶¶ 11-15; Heisler Dep. Tr. 11:3-12:24, 84:11-85:6; Khahaifa Dep. Tr. 118:8-18, 119:18-120:9.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 87.

> **87.1.** Heisler disagreed with the OIG's determination that Yehoshua violated any rules and Farber's decision to terminate Plaintiff's employment, and shared that sentiment with Farber. Heisler Dep. Tr. 12:25-14:7.

88.    Because Khahaifa was Yehoshua's manager at the time of the conduct which formed the basis of the OIG's report, Farber directed Khahaifa to sign and deliver a disciplinary action notice ("DAN") to Yehoshua.  Khahaifa Dep. Tr. 118:8-120:20, 125:3-20, 130:9-13; Farber Dec. ¶¶ 14-16; Pl's Dep. Tr. 63:7-66:24.

**Response**: **Plaintiff** disputes **Defendants' Paragraph 88. Urbont was Plaintiff's supervisor at the time of the relevant time. Pl. Decl. ¶ 75.**

89.    Khahaifa delivered the DAN to Yehoshua on June 12, 2020. Usen. Dec. Ex. U.

**Response**: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 89.

> **89.1.** Khahaifa was not Plaintiff's supervisor at the time the First DAN was delivered. Pl. Decl. ¶ 75. Plaintiff's superisor at the time, Hodes-Urbont, was entirely eft out of the process involving the First DAN. Hodes-Urbont Dep. Tr. 48:2-49:6.

90.     Khahaifa played no role in Farber's determination of the appropriate discipline to impose on Yehoshua.  Khahaifa Dep. Tr. 125:3-128:13, 129:23-130:13, 133:11-20, 134:20-135:9, 136:9-13; Farber Dec. ¶ 17; Pl's Dep. Tr. 63:7-66:24.

**Response: Plaintiff disputes Defendants' Paragraph 90. Plaintiff dipsutes that she engaged in any unethical or other misconduct and submitted a response to the allegations throughprior counsel. Pl. Decl. ¶¶ 24-27; Pl. Decl. at Ex. B, C. As submitted in Plaintiff's appeal of the First DAN's determination, Khahaifa was no longer Plaintiff's supervisor at the time the First DAN and should not have had as prominent a role in the discipline determination. Pl. Decl. ¶¶ 24 at Ex B, 75.**

91.     On February 3, 2021, Farber reduced the discipline to a 20-day unpaid suspension. Farber Dec. ¶ 20; Usen. Dec. Ex. V.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 91.**

**91.1.Farber reduced Yehoshua's sanction after review of Yehoshua's appeal of the determination which outlined the multiple ways Plaintiff had not violated Transit's rules or procedures, and highlighted the discriminatory and inappropriate involvement of Jhahaifa in the First DAN. Pl. Decl. ¶¶ 24-28, Pl. Decl. at Ex. B, C.**

**91.2.Khahaifa was furious that Yehoshua was not terminated as a result of the First DAN. Heiler Dep. Tr. 90:3-18.**

## IX.     FARBER LEARNS OF JUDICIAL COMPLAINTS IN FEBRUARY 2021

92.     On December 30, 2020, Yehoshua filed a complaint with the New York State Division of Human Rights.  Usen. Dec. Ex. R.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 92.**

93.     As a result of NYCTA's investigation into Yehoshua's complaint, Farber learned of the above-detailed concerns raised by Justices ████, Frank, Freed, Adams, Silvera and Kaplan.  Farber Dec. ¶¶ 21-22; Khahaifa Dep. Tr. 142:23-144:22, 145:12-146:15; see SUF, ¶¶ 38-61, 65-71.

**Response: Plaintiff <u>disputes</u> Defendants' Paragraph 93. Farber allegedly learned of the justices' complaints during a conversation with Khahaifa about the First DAN. Khahaifa Dep. Tr. 144:3-9. The concerns allegedly raised by Justices ████, Freed, Frank, Adams, Silvera, and Kaplan were known to Transit as early as 2019. *See supra* ¶¶ 38-61, 65-71; Pl. Decl. ¶ 23 at Ex. D, E.**

94.     Farber asked Khahaifa to prepare a memorandum summarizing these complaints and the surrounding circumstances.  Farber Dec. ¶ 23; Khahaifa Dep. Tr. 142:23-146:15, 145:12-146:15.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 94.**

95.     Khahaifa provided the memorandum to Farber on February 27, 2021.  Khahaifa Dec. Ex. E; Khahaifa Dep. Tr. 145:12-146:9; Farber Dec. ¶ 24.

41

**<u>Response</u>: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 95.**

> **<u>95.1.</u>Khahaifa had made no effort to seek disciplinary action against Plaintiff in relation to the justices' concerns until after Plaintiff filed a formal agency complaint against Khahaifa because, prior to that, there was "no need" for her to escalate it. Khahaifa Dep. Tr. 138:25-139:6, 146:10-151:4.**

96.     Based on the nature of the complaints levied against Yehoshua by New York State Supreme Court judges, and based on what was a pattern of escalating dishonest and unethical conduct, Farber determined that Yehoshua's employment should be terminated.  Farber Dec. ¶ 25; Khahaifa Dep. Tr. 181:20-184:15; Pl's Dep. Tr. 302:16-22.

**<u>Response</u>: For purposes of summary judgment, Plaintiff does not dispute that Farber determined that Plaintiff's employment should be terminated.  Plaintiff engaged  counsel to appeal the termination determination. Pl. Decl. ¶ 23 at Ex. D, E.**

97.     Farber was not aware of any attorney other than Yehoshua who, during his tenure at NYCTA, received complaints from multiple judges about his or her lack of candor, dishonesty and unprofessional conduct.  Farber Dec. ¶ 26; see also Urbont-Hodes Dep. Tr. 38:2-15; Khahaifa Dep. Tr. 148:24-149:9.

**<u>Response</u>: Plaintiff <u>disputes</u> Defendants' Paragraph 97. Hodes-Urbont was aware of the complaints against Yehoshua but was not concerned as Hodes-Urbont was aware**

**of judge complaints against her own attorneys in Kings County. Hodes-Urbont Dep. Tr. 38:2-39:21.**

98.    On March 29, 2021, Farber issued Yehoshua a DAN, recommending her termination. Khahaifa Dep. Tr. 181:20-184:15; Usen. Dec. Ex. S; Pl's Dep. Tr. 267:16-268:5, 302:16-22; Farber Dec. ¶ 28.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 98.**

99.    Yehoshua, through an attorney, appealed the proposed penalty of dismissal.  Farber Dec. ¶ 29.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 99.**

 **99.1.Plaintiff's counsel submitted a robust appeal of the proposed penalty of dismissal. Pl. Decl. ¶ 23 at Ex. D, E.**

100.    In July 2021, Farber directed Mariel Thompson (Jewish) – a NYCTA attorney – to further investigate the specifications underlying the DAN.  Farber Dec. ¶¶ 30-31.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 100.**

 **100.1.  Plaintiff was never interviewed or spoken to as part of Transit's alleged investigation into the Second DAN. Pl. Decl. ¶ 21.**

43

**100.2.** Prior to the Second DAN, Hodes-Urbont had been preparing for Yehoshua's return to the Kings County unit. Hodes-Urbont Dep. Tr. 59:2-60:4.

**100.3.** Neither of Plaintiff's supervisors, Heisler or Hodes-Urbont, were interviewed or involved in any way with respect to the Second DAN, an uncommon practice given their standings in relation to Yehoshua. Pl. Decl. ¶ 22; Heisler Dep. Tr. 92:19-95:25, 110:19-111:14, 111:25-113:8; Hodes-Urbont Dep. Tr. 60:9-61:13.

**100.4.** Heisler believed that his status as an Orthodox Jewish man played a role in Farber and Khahaifa leaving him 'out of the loop' with respect to the actions taken against Plaintiff. Heisler Dep. Tr. 113:9-115:20.

101.    Thompson's investigation substantiated the specifications in the DAN. Farber Dec. Ex. A; Farber Dec. ¶ 32.

**Response.** For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 101.

**101.1.** Plaintiff was never interviewed or spoken to as part of Transit's alleged investigation into the Second DAN. Pl. Decl. ¶ 21.

**101.2.** Heisler was never spoken to as part of the investigation into the Second DAN. Heisler Dep. Tr. 115:21-116:3.

**101.3.** Heisler would have been able to dismantle each specification in the Second DAN and support Yehoshua and her counsel's appeal. Heisler Dep. Tr. 117:4-130:3.

102.    Farber sustained the recommended penalty of dismissal. Farber Dec. Ex. B; Farber Dec. ¶ 33.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 102.**

## X.    ADDITIONAL MATERIAL FACTS

103.    In August 2017, Khahaifa recommended that Yehoshua be promoted and receive a raise.  Heisler Dep. Tr. 21:19-24:17; Usen. Dec. Ex. X.

**Response: Plaintiff partially disputes Defendants' Paragraph 103. At Heisler's instruction, Khahaifa drafted a recommendation that Yehoshua by promoted which Heisler ultimately approved and submitted. Heisler Dep. Tr. 21:23-22:20.**

104.    Khahaifa occasionally met colleagues for drinks after work, including on  evenings. Khahaifa Dec. ¶¶ 26-28; Khahaifa Dep. Tr. 186:21-187:11; Urbont-Hodes Dep. Tr. 23:24-26:4.

**Response: Plaintiff partially disputes Defendants' Paragraph 104. Khahaifa was very social with most of the attorneys in the Unit and also with Hodes-Urbont and would "often" go out with them. Urbont Dep. Tr. 23:10-24:9.**

105.    Khahaifa grew up in a home that followed the Jewish laws of Kashrut and in which she ate matzah.  Khahaifa Dec. ¶ 31; Pl's Dep. Tr. 214:10-15.

**Response: Plaintiff disputes Defendants' Paragraph 105. Yehoshua does not have any understanding of whether or not Khahaifa grew up in a household eating matzah. Pl. Dep. Tr. 214:10-15. Khahaifa testified that she does ascribe to any specific religion**

but was raised in Gheez Nation, a "combination of a lot of different religions." Khaiahafa Dep. Tr. 24:22-25:24.

106.    Yehoshua filed an EEOC Charge on May 25, 2021.  Usen. Dec. Ex. T .

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 106.**

107.    As Yehoshua never heard anyone at NYCTA, including Khahaifa, make any disparaging comments, jokes, or slurs about Jews or Orthodox Jews.  Pl's Tr. 215:12-216:3.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 107.**

> **107.1.  Khaiahfa laughed at Yehoshua when she ate matzah during Passover. Pl. Dep. Tr. 209:15-19, 213:14-214:3.**

> **107.2.  Yehoshua's former trial assistant, Thompson, advised Yehoshua that Khahaifa complained that Heisler liked Yehoshua because they were both Jewish. Pl. Dep. Tr. 212:9-19.**

108.    Khahaifa required attorneys in the Unit to notify her prior to covering a court appearance for another lawyer.  Yehoshua Dep. Tr. 43:10-44:24; Khahaifa Dep. Tr. 99:21-100:21; Thompson Dec. ¶ 7.

**Response: For purposes of summary judgment, Plaintiff does not dispute Defendants' Paragraph 108.**

> **108.1.  During one of Plaintiff's trials in New York County Supreme Court, Plaintiff was scheduled to appear for in a different part for an unrelated**

matter. Pl. Decl. ¶¶ 65-68. One of Plaintiff's colleagues offered to cover the appearance due to the conflict in Plaintiff's schedule and Plaintiff attempted to alert Khahaifa of the change in coverage. *Id*. After Plaintiff's colleague covered the appearance, it came to Yehoshua's attention that he had been reprimanded by Khahaifa for helping Plaintiff. *Id*.

Dated: New York, New York
          November 26, 2024

NESENOFF & MILTENBERG, LLP
*Attorneys for Plaintiff*

By: /s/ Gabrielle M. Vinci
       Andrew T. Miltenberg, Esq.
       Gabrielle M. Vinci, Esq.
       363 Seventh Avenue, Fifth Floor
       New York, New York 10001
       (212) 736-4500
       amiltenberg@nmllplaw
       gvinci@nmllplaw.com