UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
AMELIA YEHOSHUA

        Plaintiff,

  -against-

MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,
THE NEW YORK CITY TRANSIT
AUTHORITY, AND WESLII KHAHAIFA

        Defendants.

------------------------------------------------------- X

Civil Action No.: 1:21-cv-04055-FB-RML

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SEYFARTH SHAW LLP
Gena B. Usenheimer
Daniel I. Small
gusenheimer@seyfarth.com
dsmall@seyfarth.com
620 Eighth Avenue
New York, NY 10018
(212) 218-5500

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 2

    a.    Plaintiff's Discrimination Claims Cannot Survive Summary Judgment. ............... 2

        i.    Plaintiff Cannot Rely on Inadmissible Lay Opinion .................................. 2

        ii.    The Continuation Violation Theory Does Not Apply ............................... 3

        iii.    Plaintiff Does Not Identify Any Evidence of Discrimination. ................... 4

            a.    2016 Timekeeping Incident ............................................................. 4

            b.    Thompson's Reassignment .............................................................. 4

            c.    Unfair Assignments ........................................................................ 5

            d.    The First DAN ................................................................................ 5

            e.    Second DAN and Plaintiff's Termination ...................................... 6

            f.    Pretext ............................................................................................. 8

    b.    Plaintiff's Retaliation Claims Cannot Survive Summary Judgment ...................... 9

    c.    Plaintiff's Hostile Work Environment Claims Are Without Merit ...................... 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brierly v. Deer Park Union Free Sch. Dist.*,
   359 F. Supp. 2d 275 (E.D.N.Y. 2005) ...............................................................................10

*Brown v. City of N.Y.*,
   622 F. App'x 19 (2d Cir. 2015) ...........................................................................................9

*Cronin v. Aetna Life Ins. Co.*,
   46 F.3d 196 (2d Cir. 1995)..................................................................................................9

*Delgado v. Triborough Bridge and Tunnel Auth.*,
   485 F. Supp. 2d 453 (S.D.N.Y. 2007)..................................................................................9

*Dortch v. N.Y.C. Dep't of Educ.*,
   No. 14-2534, 2016 WL 2621076 (E.D.N.Y. Mar. 23, 2016).................................................10

*Doss v. Mich. Dep't of Corr.*,
   No. 20-10266, 2022 WL 1086371 (E.D. Mich. Apr. 11, 2022) .................................................6

*Forman v. N.Y.C. Dep't of Educ.*,
   No. 19-8156. 2022 WL 912130 (S.D.N.Y. Mar. 28, 2022).......................................................9

*Friedman v. Swiss Re Am. Holding Corp.*,
   643 F. App'x 69 (2d Cir. 2016) ...........................................................................................7

*Hayden v. Walmart Stores, Inc.*,
   619 F. App'x 22 (2d Cir. 2015) ...........................................................................................7

*Irrera v. Humpherys*,
   695 F. App'x 626 (2d Cir. 2017) .........................................................................................3

*Lifset v. Ehrlich*,
   402 N.Y.S.2d 467 (3d Dep't 1978)......................................................................................8

*Lugo v. City of N.Y.*,
   No. 08–5250, 2012 WL 3202969 (E.D.N.Y. Aug. 3, 2012)................................................3, 4

*McGullam v. Cedar Graphics, Inc.*,
   609 F.3d 70 (2d Cir. 2010)..................................................................................................3

*Purcell v. N.Y. Inst. of Tech.*,
   No. 16-3555 2018 WL 11591257 (E.D.N.Y. Aug. 30, 2018) ................................................3

*Ramirez v. Michael Cetta Inc.*,
    No. 19-986, 2020 WL 5819551 (S.D.N.Y. Sept. 30, 2020) ....................................................10

*Shapiro* v. *City of New York*,
    No. 13-8647, 2015 WL 4002437 (S.D.N.Y. July 01, 2015).....................................................3

# **INTRODUCTION**[1]

It is clear from Plaintiff's opposition papers that she believes her suspension and eventual termination were unfair. It is equally clear, however, that Plaintiff has failed entirely to address the insurmountable deficiencies in her discrimination and retaliation claims. Rather, in response to the wealth of undisputed record evidence offered by Defendants, including the declaration testimony of five NY Co. Justices, Plaintiff offers no admissible evidence of discrimination or retaliation, compelling dismissal of her claims with prejudice.

Briefly, Plaintiff has not, and cannot, meaningfully address the undisputed and objective evidence of her egregious misconduct, including: (i) the MTA OIG's conclusion that Plaintiff violated multiple ethics policies, and (ii) the complaints of six NY Co. Justices who collectively expressed concerns about Plaintiff's dishonest, unethical and disrespectful behavior, and who refused to allow Plaintiff to appear in their courtrooms. The record evidence is overwhelming and undisputed that Plaintiff engaged in the conduct described above and that it is this conduct (and not any protected characteristic) which served as the basis for the challenged discipline.

Instead of addressing the undisputed material evidence, Plaintiff directs the majority of her arguments against Khahaifa. It is, however, undisputed that Khahaifa played no substantive role in NYCTA's discipline against Plaintiff. Rather, the ultimate decision-maker with respect to Plaintiff's discipline (Farber) is Jewish, and Plaintiff has conceded that he was not motivated by discriminatory animus. Equally unconvincing, Plaintiff's retaliation claims rest on the untenable contention that she engaged in a protected activity in 2016, and, accordingly, each and every incident which occurred in the next four years is *per se* retaliatory. Plaintiff's argument is not supported by either the facts or the relevant caselaw.

---

[1] Capitalized terms used herein not otherwise defined have the meaning set forth in Defendants' moving papers.

1

Similarly, Plaintiff's opposition papers do nothing to advance her claims of hostile work environment, given the wholesale dearth of any admissible evidence of unlawful animus.

For these reasons, those set forth more fully in Defendants' moving and those set forth below, it is respectfully submitted that the Complaint must be dismissed in its entirety, and with prejudice.

## **ARGUMENT**[2]

a. **Plaintiff's Discrimination Claims Cannot Survive Summary Judgment**.

i. **Plaintiff Cannot Rely on Inadmissible Lay Opinion.**

In her Opposition, Plaintiff seeks to rely on Heisler's testimony which is inadmissible as lay opinion. "In employment discrimination actions, 'Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision.'" *Barrella v. Vill. of Freeport*, 814 F.3d 594, 611 (2d Cir. 2016) (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000)). "Although witnesses may testify regarding 'their own observations of the defendant's interactions with the plaintiff or with other employees,' they may not opine as to the motives, racial or otherwise, underlying those interactions." *Id*.

Heisler's testimony is inadmissible as it is replete with speculation as to the supposed motivations of Khahaifa and other actors about which he has no personal knowledge. For instance, Plaintiff seeks to rely on Heisler's testimony that: (i) Justices Frank and Silvera's complaints about Plaintiff were motivated by discriminatory animus, Pl's SUF ¶ 50.1; Usen. Dec. Ex. C at 128:9-23; (ii) "the disparate treatment Khahaifa subjected Yehoshua to was 'stark' and that if Plaintiff had stayed in the New York Unit, there would have been a lawsuit," *id*. at ¶ 9.3; (iii) Khahaifa's

---

[2] Plaintiff's Opposition highlights her abject failure to come forward with any admissible evidence of discriminatory or retaliatory animus. Plaintiff's Response in Opposition to Defendants' Statement of Undisputed Material Facts ("Pl's SUF") similarly does not create a genuine dispute of fact. *See* Defendants' Response to Plaintiff's SUF ("Defs' Resp. to Pl's SUF").

actions "could be interpreted as being motivated by discriminatory animus or bias," *id*. at ¶ 24.2; and (iv) Heisler's own "status as an Orthodox Jewish man played a role in Farber and Khahaifa leaving him 'out of the loop' with respect to" Plaintiff's discipline, *id*. at ¶ 100.4.³ *Shapiro* v. *City of New York*, No. 13-8647, 2015 WL 4002437, at *9 (S.D.N.Y. July 01, 2015) ("testimony about the reasons for Shapiro's demotion and the 'systematic eliminat[ion]' of Jewish lawyers . . . is just this sort of impermissible 'conclusory lay opinion[] given at deposition'") (quoting *Hester*, 225 F.3d at 185).

### ii.     The Continuation Violation Theory Does Not Apply.

Plaintiff argues that the time-barred 2016 timekeeping incident should be considered timely under a continuing violation theory. Pl's Opp. at pp. 10-12, 15. Under the continuing violation theory, an "incident within the limitations period permits consideration of an incident preceding the limitations period only if the incidents are sufficiently related." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77-78 (2d Cir. 2010). Courts have consistently held that sporadic incidents that are "separated by multiple years of inactivity" cannot support a continuing violation. *See, e.g., Irrera v. Humpherys*, 695 F. App'x 626, 629 (2d Cir. 2017); *Purcell v. N.Y. Inst. of Tech.*, No. 16-3555 2018 WL 11591257, at *4 (E.D.N.Y. Aug. 30, 2018). Moreover, as Your Honor has instructed, "[t]he continuing violation exception is disfavored in the Second Circuit, and generally applies only to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists." *Lugo v. City of N.Y.*, No. 08–5250, 2012 WL 3202969, at *3 (E.D.N.Y. Aug. 3, 2012) (Block, J.).

Here, the time-barred February 2016 timekeeping incident is temporally and substantively unrelated to the timely incidents which form the basis of Plaintiff's discrimination claims. Pl's

---

³ *See* Farber Dec. ¶¶ 12, 27; Defs' Resp. to Pl's SUF ¶ 100.3-100.4.

3

Opp. at pp. 3-4, 15, 19; Defs' SUF ¶ 108[4]. The multi-year gap in time between these incidents, in addition to the lack of objective nexus precludes application of the continuing violation exception. *Lugo*, 2012 WL 3202969, at *3.

### iii. Plaintiff Does Not Identify Any Evidence of Discrimination.

#### a. 2016 Timekeeping Incident

Additional bases exist for the Court to dismiss Plaintiff's claims arising out of the February 2016 timekeeping incident. Plaintiff argues this incident was discriminatory for a variety of reasons, most of which Defendants have fully addressed in their moving papers. Pl's Opp. at 15; Defs' MOL at pp. 11-12; *see also* Defs' SUF ¶¶ 14-24. Plaintiff's argument that Heisler testified "it appeared there was an ulterior motive" behind Khahaifa's denial is both inadmissible lay opinion testimony (*supra*, Section a(i)) and belied by his own contemporaneous email in which he informed Khahaifa that: "**No one accused you of religious discrimination** . . . **I certainly didn't mean to imply you did anything wrong, and if I did, please accept my apologies**." Khahaifa Dec. Ex. A. Further, Plaintiff's claim that Khahaifa knew Plaintiff could not make up the time the same week in which the train delay occurred ignores the undisputed record that Plaintiff presented the late train report *two weeks after* the late arrival, and that employers are not required to authorize theft of time (*i.e.*, full pay for time not worked) as a form of religious accommodation. Defs' SUF ¶ 17; Defs' MOL at pp. 3, 11-12.

#### b. Thompson's Reassignment

Plaintiff, who lacks personal knowledge of the reason for the Thompson's reassignment, cannot create a question of fact as to Defendants' proffered legitimate non-discriminatory business reason. Defs' MOL at pp. 12-13. Moreover, the undisputed record reveals that Plaintiff's trial

---

[4] Defendants' Statement of Undisputed Facts submitted with their moving papers is cited herein as "Defs' SUF _".

4

assistant was not, as she claims, the only assistant to be reassigned at that time. Defs' SUF ¶ 28; Khahaifa Dec. ¶¶ 13-15. It is also irrelevant that, as Plaintiff now argues, neither she nor her trial assistant requested the reassignment. Pl's Opp. at p. 15.

### c.     Unfair Assignments

Plaintiff's claim that she received a disproportionately higher number of assignments relative to her colleagues is flatly refuted by the undisputed record evidence. *Compare* Pl's Opp. at pp. 4, 11 *with* Defs' MOL at p. 13; SUF ¶¶ 32-37; Khahaifa Dec. ¶¶ 21-23; Defs' Resp. to Pl's SUF ¶ 37.1. In furtherance of this allegation, Plaintiff claims that her colleagues were "unable to assist her and reprimanded for doing so," Pl's Opp. at pp. 4, 15, citing to Khahaifa's reinstruction of John Jerman in 2018 as evidence. The undisputed record is clear, however, that Khahaifa merely instructed Jerman to not cover any court appearance for another attorney without first advising Khahaifa; a direction that is consistent with Khahaifa's prior instructions to her Unit on the topic. Defs' SUF ¶ 108; Usen. Dec. Ex. Z; Thompson Dec. ¶ 7.

### d.     The First DAN

Plaintiff claims the First DAN was discriminatory because, the allegations underlying the DAN had been "investigated years prior" and "not deemed a large issue." Pl's Opp. at 16. But Plaintiff cites no record in support of these allegations. Plaintiff's claim that the underlying allegations were "investigated years prior" is false given that the OIG Report is dated January 23, 2020, a mere six months before the First DAN was issued. Farber Dec. ¶ 4; Usen. Dec. Ex. P and U. Plaintiff's assertion that the allegations underlying the OIG Report were "not deemed a large issue" is refuted by the factual record because Farber, the undisputed decisionmaker, determined that such allegations were "problematic" and sufficiently severe to warrant termination. Farber Dec. ¶¶ 8-12. Further, although she now purports to deny it, Plaintiff admitted the conduct

5

underlying the DAN in her discussions with the OIG and at her deposition. Defs' SUF ¶ 80; Defs' MOL at p. 14.

Similarly, although Heisler clearly disagreed with the discipline imposed (Pl's Opp. at p. 16; Pl's SUF ¶¶ 80, 83.1, 87.1), that mere fact alone does not give rise to an inference of discrimination especially here, where Plaintiff testified that the ultimate decision-maker, Farber (Jewish), was not motivated by discriminatory animus in issuing the DAN. Defs' MOL at pp. 8, 15-16; *see also Doss v. Mich. Dep't of Corr.*, No. 20-10266, 2022 WL 1086371, at *12 (E.D. Mich. Apr. 11, 2022) (testimony of a manager "is simply lay opinion testimony by a non-decisionmaker").

e. Second DAN and Plaintiff's Termination

As to the second DAN and Plaintiff's resulting termination, Plaintiff raises several unconvincing arguments. As a threshold matter, it is undisputed that Farber (Jewish) was the sole decision maker in the issuance of the DAN and deciding to terminate Plaintiff's employment, and it is undisputed that Plaintiff testified Farber was not motivated by discriminatory animus. Defs' MOL at p. 19.

Plaintiff's claim that the complaints of multiple justices in NY Co. of her misconduct were without "evidentiary support" is laughable in light of Khahaifa's contemporaneous notes outlining those complaints, Mariel Thompson's (Jewish) internal investigation which substantiated these complaints, and the declarations submitted by five Justices in connection with this motion. Defs' MOL at pp. 18-19. Similarly, Plaintiff's argument that the judicial complaints were known to NYCTA before the First DAN was issued is misleading. In particular, as explained in Defendants' moving papers, Farber was unaware of the judicial complaints until NYCTA's investigation into Plaintiff's external discrimination complaint that began in or around February 2021, just one

6

month before he issued the Second DAN to Plaintiff.  Defs' MOL at p. 8; Defs' SUF ¶¶ 92-95; Farber Dec. ¶¶ 21-24.

Moreover, Plaintiff's contention that Khahaifa "found no need to escalate" the judicial complaints when she first learned of them in late 2019 and early 2020 fails.  Pl's Opp. at pp. 16, 19.  It is undisputed that Khahaifa immediately elevated the concerns to Goode and Heisler.  Defs' MOL at pp. 5-6; Defs' SUF ¶¶ 43-44, 60-61.  After having elevated the complaints within her department, Khahaifa believed there was no need to bypass her chain of command and further elevate these concerns to Farber.  Usen. Dec. Ex. B. 147:3-148:23, 150:22-153:23; Khahaifa Reply Dec. ¶¶ 13-14.  It is also undisputed that Khahaifa only advised Farber of the judicial complaints once Farber specifically requested the information in February 2021.  Defs' MOL at pp. 5, 8.  Further, even if true, Khahaifa's decision to not bypass her own supervisors and escalate these complaints to Farber before 2021 **undermines** Plaintiff's claim of discrimination.

Plaintiff's claim that "Khahaifa was angered by Plaintiff's suspension in lieu of dismissal following the First DAN" is based on inadmissible hearsay testimony and is refuted by the undisputed evidence.  Pl's Opp. at p. 16; Pl's SUF ¶ 91.2; Usen. Dec. Ex. C at 90:13-24; Hodes-Urbont Dec. ¶ 9; *Friedman v. Swiss Re Am. Holding Corp.*, 643 F. App'x 69, 71 (2d Cir. 2016); *Hayden v. Walmart Stores, Inc.*, 619 F. App'x 22, 23-24 (2d Cir. 2015).

Plaintiff's next argument, that judges "commonly complained" to NYCTA about attorneys, is irrelevant.  Pl's Opp. at p. 16.  Farber's testimony is undisputed that he was not aware of complaints about NYCTA attorneys that were comparable in volume or seriousness to those levied against Plaintiff.  Farber Dec. ¶ 26; Defs' SUF ¶ 97.  Moreover, Heisler's testimony on this topic is limited to complaints relating to late filings, missed deadlines, discovery disputes, and other run-of-the-mill litigation issues.  Usen. Dec. Ex. C at 68:3-72:6.  Plaintiff has failed to come forward

7

with even a single other instance in which multiple judges complained that an attorney advanced intentional misrepresentations or falsehoods to the Court, or which involved multiple judges refusing to allow an attorney to appear before them. *Id.* The only other comparable scenario which was uncovered in discovery, in which a NYCTA attorney received multiple complaints from judges, resulted in that attorney's termination. Usen. Dec. Ex. D at 38:2-15, 39:18-42:17.

Moreover, as is discussed in Defendants' moving papers, Plaintiff's complaint about the sufficiency of the investigation into the facts which formed the basis of the Second DAN is not sufficient to create a question of fact as to discrimination or pretext. Defs' MOL at p. 15. Farber's testimony as to why he chose not to consult with Heisler about Plaintiff's discipline is undisputed – and entirely reasonable. Farber Dec. ¶ 27. Further, Plaintiff was permitted to, and did, participate in the investigation. Pl's Dec. at Ex. D and E; Defs' SUF ¶¶ 98-99. Finally, Plaintiff's transfer to a new trial unit did not "render[] moot" her overt misconduct. Pl's Opp. at 16. Farber believed Plaintiff's courtroom behavior reflected "a pattern of escalating dishonest and unethical conduct," which could not be countenanced. Farber Dec. ¶ 25; Defs' MOL at pp. 18-20.[5]

        f.    <u>Pretext</u>

Plaintiff attempts to demonstrate pretext by claiming that Khahaifa "singled out" Plaintiff, but fails to specify in what way she was singled out. Pl's Opp. at p. 17. Plaintiff's reliance on lay opinion that Khahaifa's treatment of Plaintiff was "stark" is inadmissible as discussed above. *Id*; *supra*, Section a(i). Moreover, Plaintiff was transferred in response the numerous judicial complaints received about Plaintiff. Defs' SUF ¶¶ 60-62. As to Plaintiff's claim about the sufficiency of NYCTA's investigation, *see* Defs' MOL at pp. 15, 19, and *supra*, Section a(iii)(e). Finally, Plaintiff's claims that the "allegations . . . that she acted in a manner unbecoming of a

---

[5] The substance of Plaintiff's rebuttals authored by counsel is inadmissible hearsay. Pl's Opp. at 5, 8, 17; *Lifset v. Ehrlich*, 402 N.Y.S.2d 467, 468 (3d Dep't 1978) ("affidavit of defendants' attorney is hearsay").

8

NYCTA attorney—were either (a) not novel . . . or (b) easily rebutted by Plaintiff and her counsel" fail for the reasons discussed above at Section a(iii)(e), at p. 8 and n.5.[6]

### b. Plaintiff's Retaliation Claims Cannot Survive Summary Judgment.

Plaintiff argues that five discrete incidents which took place over a period of years are retaliatory as a result of her alleged February 2016 protected activity. Pl's Opp. at p. 19. Given the substantial period of time between this alleged protected activity and the resulting incidents (spanning upwards of four years), no causation based on temporal proximity arises. *Brown v. City of N.Y.*, 622 F. App'x 19, 20 (2d Cir. 2015) (two month time period "too attenuated"); *Delgado v. Triborough Bridge and Tunnel Auth.*, 485 F. Supp. 2d 453, 462 (S.D.N.Y. 2007).[7]

In any event, for a fulsome discussion regarding the legitimate non-retaliatory business reasons supporting the reassignment of Thompson (and all other trial assistants in Khahaifa's unit), "overloading" Plaintiff with work on Fridays, reminding Jerman about Unit procedures in November 2018, Khahaifa allegedly laughing at Plaintiff eating matzah, and Khahaifa's continued involvement in Plaintiff's timesheets and work assignments after March 2020, see Defs' MOL at pp. 12, 20-22; *supra*, Section a(iii)(b)-(c); Farber Dec. ¶¶ 35-36.

Plaintiff also seeks to rely on temporal proximity between the complaint she filed on December 30, 2020 with the New York State Division of Human Rights ("Complaint") and Khahaifa's discussion with Farber in February 2021 in which Farber learned of the complaints against Plaintiff raised by NY Co. Justices. Pl's Opp. at p. 19. This claim too fails. Farber first learned of the complaints against Plaintiff during NYCTA's investigation into Plaintiff's

---

[6] Plaintiff misleadingly claims that she can "rely upon the same evidence that comprised her prima facie case" and the issue of pretext is "ordinarily for the jury to decide." Pl's Opp. at p. 17. The cases cited for this proposition make clear, however, that this is true only where the defendant has failed to come forward with evidence of a dispositive nondiscriminatory reason. *See, e.g., Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995).

[7] The cases Plaintiff cites (*see* Pl's Opp. at p. 19, n.6.) are inapposite because, unlike here, plaintiffs in those cases presented additional bases to establish causation beyond temporal proximity. *See, e.g., Forman v. N.Y.C. Dep't of Educ.*, No. 19-8156. 2022 WL 912130 (S.D.N.Y. Mar. 28, 2022).

Complaint, and he then asked Khahaifa to prepare a memorandum detailing those complaints. Defs' MOL at pp. 6, 8; Defs' SUF ¶¶ 92-95; Farber Dec. ¶¶ 21-24. No causation can be found under these circumstances. *Dortch v. N.Y.C. Dep't of Educ.*, No. 14-2534, 2016 WL 2621076, at *9 (E.D.N.Y. Mar. 23, 2016) (complaints against plaintiff and underlying unprofessional behavior were intervening events that break causation).

      **c.**      **Plaintiff's Hostile Work Environment Claims Are Without Merit.**

The Court should dismiss Plaintiff's hostile work environment claims for the reasons stated in Defendants' moving papers. Defs' MOL at pp. 20-24; *supra* at pp. 4-8; Defs' MOL at pp. 11-13, 15-16, 21, 23. As to Plaintiff's claims asserted in her Opposition which have not been yet fully addressed by Defendants: (i) the allegation that Khahaifa may have known that Plaintiff "lodged a complaint" of discrimination against her in 2016, is not evidence of a hostile work environment; and (ii) no admissible evidence supports the allegation that "Khahaifa sought to rid, at a minimum, the Unit of Plaintiff." Pl's Opp at p. 21 at (ii), (v); Defs' Resp. to Pl's SUF ¶ 60.2; Usen. Dec. Ex. C. at 67:5-18; Usen. Dec. Ex. B. 175:3-178:15.[8]

| | |
|---|---|
| Dated: New York, New York<br>       March 4, 2025 | SEYFARTH SHAW LLP<br><br>*/s/ Gena B. Usenheimer*<br>Gena B. Usenheimer<br>Daniel I. Small<br>gusenheimer@seyfarth.com<br>dsmall@seyfarth.com<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 218-5500 |

---

[8] Moreover, the incidents articulated in support of Plaintiff's hostile work environment claims represent discrete, unrelated, and temporally-distant incidents that are more appropriately analyzed under the discrimination analysis above, and which do not support a claim of harassment. *Brierly v. Deer Park Union Free Sch. Dist.*, 359 F. Supp. 2d 275, 293 (E.D.N.Y. 2005); *see also Ramirez v. Michael Cetta Inc.*, No. 19-986, 2020 WL 5819551 (S.D.N.Y. Sept. 30, 2020).