UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

AMELIA YEHOSHUA

               Plaintiff,

  -against-

MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,
THE NEW YORK CITY TRANSIT
AUTHORITY, AND WESLII KHAHAIFA

               Defendants.

------------------------------------------------------- X

Civil Action No.: 1:21-cv-04055-FB-RML

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 56.1 STATEMENT OF MATERIAL FACTS**

      Defendants respectfully submit this Reply to Plaintiff's Opposition to Defendants' Statement of Material Facts Pursuant to Rule 56.1 ("Reply").

      Defendants' Statement of Undisputed Material Facts (" Defs' SUF") contains 108 paragraphs of undisputed material facts.[1] Of those 108 paragraphs, 81 are undisputed by Plaintiff and should be deemed admitted. *See, e.g.*, Paragraph Nos. 1-6, 8-22, 24-25, 30-32, 37-41, 43, 45-50, 52-62, 65-71, 74-79, 81-83, 85-87, 89, 91-92, 94-96, 98-102, 106-108; *see also* E.D.N.Y. Loc. Civ. R. 56.1(c); *McGowan v. Stanley*, No. 23-7769-CV, 2024 WL 5038633, at *2 (2d Cir. Dec. 9, 2024) ("facts set forth in a moving party's statement will be deemed to be admitted . . . unless specifically denied and controverted by the opposing party's response") (internal citations and quotations omitted).

      As to the remaining 27 paragraphs which Plaintiff purports to dispute, Plaintiff takes varying approaches, each of which are unsuccessful and fail to create a dispute of material fact. For instance, Plaintiff: (i) disputes Defendants' statement without providing a meaningful

---

[1] Defined terms have the meaning ascribed to them in Defendants' SUF, unless otherwise noted.

316153628v.8

distinction as to the underlying fact; (ii) offers only conclusory allegations (for which, on the whole, Plaintiff lacks personal knowledge); (iii) offers inadmissible hearsay testimony; or (iv) offers "evidence" which is contrary to her deposition testimony and which is, accordingly, also inadmissible. For instance:

- Paragraph Nos. 7, 23, 29, 33, 44, 51, 80, 88, 90, 97, and 103: Plaintiff disagrees with Defendants' Statement, but admits the underlying facts with no material distinction between Defendants' Statement and the recharacterization offered by Plaintiff.

- Paragraph Nos. 26-28, 33, 64, 88, 90, 97, 103-105: Plaintiff claims the facts asserted by Defendants are not supported by the record, but fails to cite to any contrary admissible evidence, nor does she explain how or why the record evidence cited by Defendants is insufficient. In certain instances, Plaintiff cites to the same deposition testimony as does Defendants. In other instances, Plaintiff cites to irrelevant evidence, or asserts "facts" with no support in the record and for which she lacks personal knowledge. *See In re Horowitz*, No. 14-36884, 2016 WL 1039581, at *1 n.2 (Bankr. S.D.N.Y. Mar. 15, 2016) ("denials based on a lack of knowledge or information sufficient to form a belief are insufficient to contest a disputed fact . . . ."); *Davis v. City of Syracuse*, No. 12-0276, 2015 WL 1413362, at *2 (N.D.N.Y. Mar. 27, 2015) (same); *Jenkins v. New York Banking Dep't.*, No. 07-6322, 2010 WL 2382417 (S.D.N.Y. June 11, 2010) (same).

- Paragraph Nos. 29, 84, and 90: In these paragraphs, Plaintiff offers inadmissible hearsay testimony, which should be disregarded by the Court. *See, e.g., Obah v. Adapt*, No. 24-5014, 2024 WL 4008184 (S.D.N.Y. Aug. 30, 2024) (hearsay testimony); *D'Antonio v. Petro, Inc.*, 2017 WL 1184163, at 7 n.2 (E.D.N.Y. Mar. 29, 2017) (same); *see also In re N.Y.C. Asbestos Litig. (Allen v. Air & Liquid Sys. Corp.)*, No. 190352/2016, 2019 NY Misc Lexis 124 (Sup. Ct. N.Y. Cnty. Jan. 11, 2019) (attorney's statement as inadmissible hearsay); *Delrosario v. City of New York*, No. 07-2027, 2010 WL 882990, at *7 (S.D.N.Y. Mar. 4, 2010) (declining to consider newspaper articles on motion for summary judgment as, "[n]ewspaper articles are hearsay when introduced to prove the truth of the matter asserted, and also must not be admitted"); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 113 (N.D.N.Y. 2007) (same, newspaper).[2]

- Paragraph Nos. 34-36: Plaintiff seeks to dispute Defendants' Statement in these paragraphs by offering testimony which contradicts her deposition testimony, rendering her newly asserted claims inadmissible. *See, e.g., Hayes v. New York City Dep't of*

---

[2] The New York Post – the newspaper that published the article about Farber – has been referred to by courts as a "tabloid newspaper" and therefore is not reliable to establish the truth of the matter asserted. *See, e.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 692 (11th Cir. 2016) (referring to the New York Post as "a widely circulated tabloid newspaper"); *United States v. Samet*, 207 F. Supp. 2d 269, 270 n.1 (S.D.N.Y. 2002) (citing the Post as a prime example of "New York's tabloid newspapers"). Moreover, even if the Court were to consider these articles, they do not support Plaintiff's argument because the cited articles do not include any allegations of wrongdoing against Farber. The article alleges that the New York City Housing Authority's OIG concluded that Farber's former boss engaged in some misconduct; there is no allegation that Farber himself engaged in such conduct.

2

*Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996) (a "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."); *Kennedy v. City of New York*, 570 F. App'x 83, 84-85 (2d Cir. 2014) (affirming summary judgment against "party who testified [at] deposition that he was unable to remember a particular fact, and then, . . . submitted an affidavit claiming a recollection of events that would have raised an issue for trial."); *Brown v. Henderson*, 257 F.3d 246, 252, 256 (2d Cir. 2001) (same).

Plaintiff's Responses which require additional discussion are set out below.

42. **Defendants' Statement**: ▉▉▉▉▉ instructed that Yehoshua was no longer welcome in her courtroom. Pl's Dep. Tr. 271:6-9, 280:24-281:13; Khahaifa Dec. Ex. D and E; Khahaifa Dep. Tr. 160:16-25; Usen. Dec. Ex. F ¶ 9.

**Plaintiff's Response**: Plaintiff disputes Defendants' Paragraph 42. At no point in time did ▉▉▉▉▉ advise Plaintiff that she (Plaintiff) was not welcome to appear in ▉▉▉▉▉ courtroom again. Indeed, Plaintiff continued to be assigned to appearances before ▉▉▉▉▉ and did so appear without incident. Pl. Dec. ¶¶ 10-11, 23 at Ex. D, E.

**Defendants' Reply**: Plaintiff's Response does not create a question of material fact. First, it is undisputed that both ▉▉▉▉▉ and Khahaifa understood that ▉▉▉▉▉ instructed that Yehoshua was no longer welcome in ▉▉▉▉▉ courtroom. These understandings are memorialized in contemporaneous documentation and also in ▉▉▉▉▉ Declaration. *See, e.g.,* Khahaifa Dec. Ex. D and E; Usen. Dec. Ex. F at ¶ 9. Plaintiff lacks personal knowledge sufficient to create a question of fact on this point. *See, e.g.*, Pl's Dep. Tr. 267:20-271:9.

Moreover, when given the opportunity, Plaintiff testified she could not recall a time when she appeared before ▉▉▉▉▉ again. Pl's Dep. Tr. at 280:24-281:13. *See, e.g., Hayes* 84 F.3d at 619 (a "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."); *Kennedy*, 570 F. App'x at 84-85 (affirming summary judgment against

3

316153628v.8

"party who testified [at] deposition that he was unable to remember a particular fact, and then, . . . submitted an affidavit claiming a recollection of events that would have raised an issue for trial."); *Brown*, 257 F.3d at 252, 256 (same).

Similarly, contemporaneous documentation evidences that Khahaifa did not permit Yehoshua to return to ▮▮▮▮▮▮ courtroom. Khahaifa Reply Dec. ¶ 10, Ex. A; Khahaifa Dep. Tr. at 160:4-161:7, 174:2-19; Khahaifa Dec. Ex. D at p. 3.

Finally, Plaintiff seeks to rely on inadmissible hearsay by directing the Court to submissions of her attorneys for the truth of the content thereof. *See In re N.Y.C. Asbestos Litig. (Allen v. Air & Liquid Sys. Corp.)*, No. 190352/2016, 2019 NY Misc Lexis 124 (Sup. Ct. N.Y. Cnty. Jan. 11, 2019) (attorney's statement as inadmissible hearsay); Pl. Dec. at Ex. D, E.

63. **Defendants' Statement:** Heisler testified that Yehoshua, due to generalized workplace complaints, had previously requested to be transferred out of Khahaifa's Unit. Heisler Dep. Tr. 39:9-43:13.

**Plaintiff's Response:** Plaintiff disputes Defendants' Paragraph 63. Heisler transferred Plaintiff out of Khahaifa's unit to avoid a catastrophe as to the disparate treatment Plaintiff suffered at Khahaifa hands was "stark." Heisler Dep. Tr. 67:19-68:10.

**Defendants' Reply**: Plaintiff's Response does not create a question of material fact. First, Plaintiff's Response does not address Defendants' statement of fact, nor does her Response address Heisler's clear deposition testimony which is cited by Defendants in their statement. For instance, Heisler expressly testified:

> Q. When did Amelia start to raise the idea of transferring out of the unit?
> A. I would say 2018. Certainly by the beginning of 2019, her complaints had increased.
> Q. Her complaints against Weslii?
> A. **Yes. But, again, remember, these are like routine -- not routine, but workplace complaints. They weren't Weslii is out to get me because I'm leaving early on Friday or taking the Jewish holidays off. She didn't say that**. . . .

4

> **Q. Did Amelia ever say to you that she felt she was being discriminated against because she was Jewish by Weslii?**
> **A. No.**
> **Q. Did she ever say to you, in words or substance, that she felt singled out because she was Jewish by Weslii?**
> **A. No.**

*See* Heisler Dep. Tr. at 41:24-42:23 (emphasis added).

Further, Heisler's separate statements about alleged disparate treatment are inadmissible lay opinion. "In employment discrimination actions, 'Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision.'" *Barrella v. Vill. of Freeport*, 814 F.3d 594, 611 (2d Cir. 2016) (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000)). "Although witnesses may testify regarding 'their own observations of the defendant's interactions with the plaintiff or with other employees,' they may not opine as to the motives, racial or otherwise, underlying those interactions." *Id.*; *Shapiro v. City of New York*, No. No. 13-8647, 2015 WL 4002437, at *9 (S.D.N.Y. July 01, 2015).

72. **Defendants' Statement**: Yehoshua was transferred to the Kings County Trial Unit effective March 2020. Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Khahaifa Dep. Tr. 40:20-25, 97:8-21; Heisler Dep. Tr. 77:4-8; Khahaifa Dec. Ex. E; Usen. Dec. Ex. BB and Ex. CC; Hodes-Urbont Dec. ¶ 4.

**Plaintiff's Response**: Plaintiff disputes Defendants' Paragraph 72. Yehoshua was transferred to the Kings County Trial Unit by Heisler, effective January 2020. Heisler Dep. Tr. 77:4-15. Yehoshua was transferred to the Kings County Trial Unit at her request, following numerous complaints of a hostile work environment and discrimination from Khahaifa and because the disparate treatment Khahaifa subjected Yehoshua to was "stark" and Heisler felt that if Plaintiff had stayed in the New York Unit, there would have been a lawsuit. Heisler Dep. Tr.

5

67:19-71:7; Pl. Dec. ¶¶ 69-72.  Following Yehoshua's transfer in January 2020, Khahaifa should not have had any further dealings with Yehoshua. *Id.*

**Defendants' Reply**: Plaintiff's Response does not create a question of material fact. First, Yehoshua relies on testimony by Heisler in which he is equivocal about the date on which her transfer to Kings County was effective.  When asked, Heisler testified: "I don't know exactly. I know she tried a case in Kings County early in 2020. Okay. I don't know if she was out a little bit at the beginning of the year or not . . ." *See* Heisler Dep. Tr. at 77:3-15.  This statement cannot create a question of fact when compared to the explicit testimony offered by Hodes-Urbont and Khahaifa, especially when coupled with the robust and contemporaneous documentary evidence offered by Defendants as to the date of transfer.  *See, e.g.,* Hodes-Urbont Dep. Tr. 26:5-18, 27:25-28:7; Khahaifa Dep. Tr. 40:20-25, 97:4-25; Khahaifa Dec. Ex. E; Usen. Dec. Ex. BB and CC; Hodes-Urbont Dec. ¶¶ 4-6.  It is, in any event, wholly undisputed that the relevant managers, *i.e.,* Hodes-Urbont and Khahaifa, understood that Yehoshua's transfer was effective March 2020.  *Id.*  In fact, Plaintiff herself informed an outside attorney that she was then – on April 6, 2020 – "in the process of transitioning to my new county of Brooklyn from New York county."  Usen. Dec. at Ex. BB.

Further, Plaintiff's claim that following her transfer, "Khahaifa should not have had any further dealings with Yehoshua," is not supported by the record evidence.  Plaintiff cites to Heisler deposition testimony which does not speak to this issue, and then to her own declaration in which she does not identify any alleged personal knowledge or other basis for her conclusory statement.  This allegation cannot create a dispute of fact when compared to the undisputed record evidence establishing that Yehoshua was required to complete outstanding assignments for Khahaifa, even after she transferred Units.  *See* Hodes-Urbont Dep. Tr. 42:24-44:8; Khahaifa

6

Dep. Tr. 97:8-15, 108:16-109:7; Hodes-Urbont Dec. ¶¶ 4-5.  It is, in any event, wholly undisputed that the relevant managers, *i.e.,* Hodes-Urbont and Khahaifa, understood that Yehoshua was responsible for completing outstanding assignments after her transfer.  *Id.*

Heisler's statements about alleged disparate treatment are inadmissible for the reasons noted above.  The remainder of Plaintiff's response does not address Defendants' Statement and thus cannot create a question of fact.

93. **Defendants' Statement**: As a result of NYCTA's investigation into Yehoshua's complaint, Farber learned of the above-detailed concerns raised by ▮▮▮▮▮▮▮▮, Frank, Freed, Adams, Silvera and Kaplan.  Farber Dec. ¶¶ 21-22; Khahaifa Dep. Tr. 142:23-144:22, 145:12-146:15; *see* SUF ¶¶ 38-61, 65-71.

**Plaintiff's Response:** Plaintiff disputes Defendants' Paragraph 93.  Farber allegedly learned of the justices' complaints during a conversation with Khahaifa about the First DAN.  Khahaifa Dep. Tr. 144:3-9.  The concerns allegedly raised by ▮▮▮▮▮▮▮▮ Freed, Frank, Adams, Silvera, and Kapan were known to Transit as early as 2019.  *See supra* SUF ¶¶ 38-61, 65-71; Pl. Dec. 23 at Ex. D and E.

**Defendants' Reply:** Plaintiff's response does not create a question of material fact.  The deposition testimony cited by Plaintiff is incomplete, and in any event, misrepresents Khahaifa's deposition testimony in which she was clear that she was unable to recall the specific circumstances (including the date or time) of her discussion with Farber.  When asked about this conversation, Khahaifa testified: "I don't recall. . . I'm not – I'm not certain. I don't remember."  *See* Khahaifa Dep. Tr. at 143:5-144:9.  Plaintiff's Response also ignores the remainder of Khahaifa's testimony, including her sworn statements that only in response to Farber's express request did Khahaifa prepared a memorandum for Farber summarizing those complaints.  *See*

7

Khahaifa Dep. Tr. at 145:12-146:15; *see also* Khahaifa Dec. Ex. E (the memorandum is dated February 27, 2021, *i.e.,* nearly eight months after Plaintiff's First DAN was issued). Farber's testimony is similarly unequivocal and undisputed as to when he first learned of the complaints. *See* Farber Dec. ¶¶ 21-22. The remainder of Plaintiff's response does not address Defendants' Statement and thus does not create a question of fact.

Dated: New York, New York
       March 4, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Gena Usenheimer*
    Gena Usenheimer
    Daniel I. Small
    gusenheimer@seyfarth.com
    dsmall@seyfarth.com
    620 Eighth Avenue
    New York, New York 10018
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526

*Attorneys for Defendants*